MAGIC MART, INC. and THE HOME
INSURANCE COMPANY *v.* Lewis LITTLE

CA 84-253                                    676 S.W.2d 756

Court of Appeals of Arkansas
Division II
Opinion delivered October 10, 1984
[Rehearing denied October 31, 1984.]

*Tom Forest Lovett, P.A.* by: *Mel Sayes,* for appellants.

*Henry N. Means, III,* for appellee.

DONALD L. CORBIN, Judge. This is an appeal from a decision of the Workers' Compensation Commission finding a compelling reason for a change of physicians by appellee, Lewis Little, and directing that future medical expenses from September 9, 1983, would be the responsibility of appellants, Magic Mart, Inc., and The Home Insurance Company. We affirm.

Appellee sustained a compensable injury on October 26, 1981. He was first treated by a company doctor and returned to work on October 29, 1981. Appellee requested a change of physicians from the company doctor to his family doctor, Dr. Peter Thomas. The change was mutually agreed upon by the parties and Dr. Thomas subsequently referred appellee to Dr. William F. Blankenship for treatment. On January 21, 1982, Dr. Blankenship performed surgery upon appellee to repair the rotator cuff tear and a partial acromionectomy of the right shoulder. Dr. Blankenship awarded appellee a permanent partial impairment of 15% to the right upper extremity and released appellee on July 16, 1982. After appellee was released from medical treatment, he returned to work for

appellant Magic Mart. He worked for approximately two months and was laid off. Thereafter, appellee applied for and received unemployment compensation benefits and worked part time for Kroger polishing floors.

A hearing before the Administrative Law Judge was held on August 16, 1982, to deal with appellee's request for a change of physicians from Dr. Blankenship. An independent evaluation by Dr. John L. Wilson was ordered which confirmed Dr. Blankenship's rating of 15% and noted that Dr. Blankenship's treatment of appellee was adequate. No formal opinion was entered and it was determined that appellee was not entitled to a change of physicians.

Another hearing before the Administrative Law Judge was held on June 2, 1983, to determine whether appellee was entitled to a change of physicians from Dr. Blankenship to Dr. Michael J. Weber. Because of appellee's dissatisfaction with Dr. Blankenship's treatment and his continuing pain and discomfort, he began seeing Dr. Weber on December 9, 1982. Appellee began treatment with Dr. Weber without consent of appellants and without the authorization of the Commission. Appellants refused to pay medical benefits in connection with Dr. Weber's treatment. The ALJ again ordered an independent evaluation of appellee by Dr. Wilson. In his report dated August 18, 1983, Dr. Wilson stated that appellee's healing period had ended and found his impairment to be 15% to the upper extremity as previously stated. On January 20, 1983, Dr. Weber diagnosed a probable anterior superior impingement syndrome. After an examination of appellee on June 28, 1983, Dr. Weber recommended hospitalization for a complete evaluation of appellee's shoulder problem including an arthrogram and possible shoulder manipulation for adhesive capsulitis. Dr. Blankenship's report of June 6, 1983, to the ALJ stated his belief that appellee was not in need of any further treatment. The ALJ again determined that appellee had failed to prove by a preponderance of the evidence that there was a compelling reason or circumstance to justify a change of physicians. Appellee's request was denied and the decision was appealed to the Full Commission.

The Commission determined that the treatment of appellee by Dr. Weber prior to September 9, 1983, was unauthorized and not the responsibility of appellants as appellee had not followed the statutorily prescribed procedure for effecting a change of physicians. The Commission, however, found a compelling reason or circumstance justifying a change of physicians after September 9, 1983, based upon the deterioration of the physician-patient relationship between appellee and Dr. Blankenship, appellee's continuing pain and discomfort and Dr. Blankenship's report of June 6, 1983, stating his belief that appellee was not in need of any further treatment.

Ark. Stat. Ann. § 81-1311, as amended by Act 290 of 1981 (Supp. 1983), provides in pertinent part:

> If the employee selects a physician, the Commission shall not authorize a change of physician unless the employee first establishes to the satisfaction of the Commission that there is a compelling reason or circumstance justifying a change. If the employer selects a physician, the claimant may petition the Commission one time only for a change of physician, and if the Commission approves the change, with or without a hearing, the Commission shall determine the second physician and shall not be bound by recommendations of the claimant or respondent;

The above statute governs the method of requesting and granting a change of physicians depending upon whether the employee is seeking a change from a physician of his choice or from one of the employer's choice. Appellants argue that the Commission's opinion has misinterpreted the application of the above statute and that its opinion should be reversed. Based upon their interpretation of the above statute, appellants contend that appellee was only entitled to one change of physicians and that appellee has already had his one statutory change. They base this argument upon the supposition that this is a situation where the employer has selected the physician and that the mutually agreed upon change from the

company doctor to appellee's family doctor, Dr. Thomas, who subsequently referred appellee to Dr. Blankenship, constituted appellee's one change of physician. While appellants concede that the Commission correctly determined that past medical services provided by Dr. Weber were unauthorized, appellants contend that they should not be held responsible for medical services provided by Dr. Weber after September 9, 1983. We do not agree. This appeal involves appellee's first petition to the Commission for a change of physicians. We do not view the mutually agreed upon change of physicians from the company physician to one of appellee's choosing as his first and only change. While we do agree with appellants that the "compelling reasons or circumstances" burden is not applicable where the employer has initially selected the physician, the record reflects that there is substantial evidence to support the Commission's finding that appellee was entitled to a change of physicians. Appellee has clearly met his burden of proof under either provision of Ark. Stat. Ann. § 81-1311.

Using the rule that we must view the evidence in the light most favorable to the action of the Commission, *Clark* v. *Peabody Testing Service*, 265 Ark. 489, 579 S.W.2d 360 (1979), we think appellee's testimony that he suffered continuing pain, Dr. Blankenship's report stating that he had nothing further to offer appellee by way of treatment, the deterioration of Dr. Blankenship and appellee's relationship and Dr. Weber's opinion that appellee was in fact in need of further treatment are sufficient to support the Commission's decision in this case.

Affirmed.

COOPER and MAYFIELD, JJ., agree.