ARKANSAS VINEGAR COMPANY and American Manufacturers Mutual Insurance Company *v.* Haril L. ASHBY (Dec'd)

87-309                                                    743 S.W.2d 798

Supreme Court of Arkansas
Opinion delivered February 1, 1988

*Davis, Cox & Wright*, by: *Constance G. Clark*, for petitioners.

*Jay N. Tolley*, for respondent.

JOHN I. PURTLE, Justice. We granted review of the decision of the Court of Appeals pursuant to Supreme Court Rule 29(6), which provides that this court may review decisions of the Court of Appeals when the case involves an issue of significant public interest or a legal principle of major importance. The issue to be considered is whether the Court of Appeals was correct in determining that the Workers' Compensation Commission improperly denied the decedent's dependent children an increase in benefits upon the remarriage of their mother. We agree with the Court of Appeals and affirm its decision. See *Ashby* v. *Arkansas Vinegar Company*, 22 Ark. App. 167, 737 S.W.2d 177 (1987).

The husband and father was fatally injured in a job related accident on June 11, 1984. The worker's compensation carrier commenced dependent compensation payments to the widow and five minor children pursuant to Ark. Code Ann. § 11-9-527(c)(1) and (c)(2). The widow and the five children began drawing the maximum weekly benefits of $154.00 and this continued until April 10, 1986, when the widow remarried. At that time the carrier paid the widow a lump sum payment equal to 104 weeks of her share of the weekly benefits. The carrier continued payment to the dependent children in the amount of $70.84 a week, which was their proportionate share of the $154.00 weekly benefit.

The relevant provisions of Ark. Code Ann. § 11-9-527(c), (d) and (g) (1987) are:

(c) BENEFICIARIES—AMOUNTS. . . .

(1)(A) To the widow if there is no child, thirty-five (35%) and the compensation shall be paid until her death or remarriage. However, the widow shall establish, in fact, some dependency upon the deceased employee before she will be entitled to benefits as provided in this section;

. . .

(2) To the widow or widower if there is a child, the compensation payable under subdivision (c)(1) of this section and fifteen percent (15%) on account of each child;

(3) To one (1) child if there is no widow or widower, fifty percent (50%). If more than one (1) child, and there is no widow or widower, fifteen percent (15%) for each child, and in addition thereto, thirty-five percent (35%) to the children as a class, to be divided equally among them;

. . .

(d) TERMINATIONS OF DEPENDENCE. (1) In the event the widow remarries before full and complete payment to her of the benefits provided in subsection (c) of this section, there shall be paid to her a lump sum equal to compensation for one hundred four (104) weeks, subject to the limitation set out in §§ 11-9-501—11-9-506.

. . .

(g) CESSATION OF COMPENSATION TO PART. Upon the cessation of compensation under this section to or on account of any person the compensation of the remaining persons entitled to compensation for the unexpired part of the period during which their compensation is payable shall be that which the persons would have received if they had been the only persons entitled to compensation at the time of the decedent's death.

The provisions of Ark. Code Ann. § 11-9-527(d) essentially state that in the event the widow remarries there shall be paid to her a lump sum equal to compensation for 104 weeks. This section must be construed along with Ark. Code Ann. § 11-9-527(g) which provides that upon the termination of benefits to any person the compensation of the remaining persons entitled to compensation "shall be that which the persons would have received if they had been the only persons entitled to compensation at the time of the decedent's death."

■■ The first rule in interpreting a statute is to construe it just as it reads by giving the words their ordinary and usually accepted meaning. *Bolden* v. *Watt*, 290 Ark. 343, 719 S.W.2d 428 (1986); and *City of North Little Rock* v. *Montgomery*, 261 Ark. 16, 546 S.W.2d 154 (1977). Statutes relating to the same subject should be read in a harmonious manner if possible. All statutes on the same subject are *in pari materia* and must be construed together and made to stand if capable of being reconciled. *Bolden* v. *Watt*, supra; *Sargent* v. *Cole*, 269 Ark. 121, 598 S.W.2d 749 (1980); and *Vandiver* v. *Washington County*, 274 Ark. 561, 628 S.W.2d 1 (1982).

■ Provisions of the Arkansas Workers' Compensation Act are to be construed liberally in favor of the claimant. *International Paper Co.* v. *Tidwell*, 250 Ark. 623, 466 S.W.2d 488 (1971). Other jurisdictions are divided on the interpretation of similar provisions in their workers' compensation laws. *Endlich* v. *Industrial Commission of Ohio*, 475 N.E.2d 1309 (Ohio App. 1984), held that the "dowry" benefits paid to the widow at the time of her remarriage did not prevent immediate recalculation of the death benefit installment award to the remaining dependents. We will not attempt to total up the decisions on one side or the other since in our view the Arkansas Statutory language in this case is clear and unambiguous and it is not necessary to resort to determining the "intent of the legislature."

The statute provides that in the event the widow remarries "there shall be paid to her a lump sum equal to compensation for 104 weeks." The statute further provides that upon the cessation of compensation to any person the remaining persons are entitled to compensation at the rate "which the persons would have received if they had been the only persons entitled to compensation at the time of the decedent's death." The two sections are harmonious and the plain and ordinary meaning of the words is that the widow will receive a final payment in a "lump sum." There is no provision in the statute, if we are to give the words their ordinary and accepted meaning, which would lead to any conclusion except that the lump sum payment is in lieu of continuing payments to the widow. Clearly the widow is no longer entitled to receive weekly benefits. Therefore, upon the remarriage of the widow the remaining dependents are entitled to compensation in the amount they would have received had they

been the only persons entitled to benefits upon the death of their father.

We agree with the Court of Appeals that the commission was wrong in deciding that the carrier was entitled to "credit" the lump sum payment to the widow against the periodic payments due the remaining dependents. Therefore, the case will be remanded to the Workers' Compensation Commission to order payments in accordance with this opinion.

Affirmed.