## DEATH AND PERMANENT TOTAL DISABILITY TRUST FUND *v.* TYSON FOODS, INC.

90-315                                          801 S.W.2d 653

Supreme Court of Arkansas
Opinion delivered January 28, 1991
[Rehearing denied February 25, 1991.*]

*David L. Pake*, for appellant.

*Bassett Law Firm*, by: *W.W. Bassett, Jr.*, and *Angela M. Doss*, for appellee.

JACK HOLT, JR., Chief Justice. This case involves the interpretation of Ark. Stat. Ann. § 81-1310(c)(2) (Repl. 1976) and the issue of whether a widow's lump sum payment upon remarriage may be applied as a weekly death payment in calculating an employer's maximum liability under this statute.

On August 27, 1979, two employees of the appellee, Tyson Foods, Inc., Self-Insured Employer (Tyson), were killed in a motor vehicle accident during the course and scope of their employment. Both employees were survived by a wife and minor children. Tyson accepted both claims as compensable and paid all appropriate medical and funeral expenses to the survivors, as well

---

*Brown, J., not participating.

as weekly death benefits.

Both widows subsequently remarried and received lump sum payments pursuant to Ark. Stat. Ann. § 81-1315(d) (Repl. 1976). Tyson credited the lump sum payments against its maximum statutory liability of $50,000.00 for weekly death benefits.

After a lengthy process utilizing internal Workers' Compensation Commission procedures, during which the employees' cases were consolidated, the case was submitted by petition for review to the Arkansas Court of Appeals by the appellant, Death and Permanent Total Disability Trust Fund (Fund), on the single issue noted above.

In a split opinion, the court of appeals held that Tyson may, in calculating its statutory maximum liability of $50,000.00, receive credit for the lump sum payments made to the living spouses upon remarriage. *Death & Total Disability Trust Fund* v. *Tyson Foods, Inc.*, 32 Ark. App. 138, 798 S.W.2d 120 (1990). We disagree and reverse and remand.

Section 81-1310(c)(2) provides in pertinent part as follows:

> The first Fifty Thousand Dollars ($50,000) of weekly benefits for death or permanent total disability shall be paid by the employer or his insurance carrier in the manner provided in this Act [§§ 81-1301 to -1349]. An employee or dependent of an employee who receives a total of Fifty Thousand Dollars ($50,000) in weekly benefits shall be eligible to continue to draw benefits at the rates prescribed in this Act but all such benefits in excess of Fifty Thousand Dollars ($50,000) shall be payable from the Death and Permanent Total Disability Bank Fund.

Section 81-1315(d) provides as follows:

> In the event the widow remarries before full and complete payment to her of the benefits provided in Subsection (c), there shall be paid to her a lump sum equal to compensation for one hundred four (104) weeks, subject to the limitation set out in Section 10 [§ 81-1310] of this Act.

These statutes were the result of Initiated Act 4 of 1948 and Act 221 of 1973. In *Arkansas Vinegar Co.* v. *Ashby*, 294 Ark.

412, 743 S.W.2d 798 (1988), we noted that:

> The first rule in interpreting a statute is to construe it just as it reads by giving the words their ordinary and usually accepted meaning. Statutes relating to the same subject should be read in a harmonious manner if possible. All statutes on the same subject are *in pari materia* and must be construed together and made to stand if capable of being reconciled.
>
> Provisions of the Arkansas Workers' Compensation Act are to be construed liberally in favor of the claimant.
>
> (Citations omitted.)

Section 81-1310(c)(2) clearly places a maximum amount upon "weekly benefits" for death and permanent total disability for which an employer or his insurance carrier is liable; significantly, however, the section does not provide for the inclusion of any other benefits in computing the maximum amount for which the employer or his insurance carrier is liable.

In *Arkansas Vinegar Co.* v. *Ashby*, *supra*, we stated that the language of the provision for lump sum payment for widows on remarriage was so clear and unequivocal as to require no judicial interpretation:

> The statute provides that in the event the widow remarries 'there shall be paid to her a lump sum equal to compensation for 104 weeks.' The statute further provides that upon the cessation of compensation to any person the remaining persons are entitled to compensation at the rate 'which the persons would have received if they had been the only persons entitled to compensation at the time of the decedent's death.' The two sections are harmonious and the plain and ordinary meaning of the words is that the widow will receive a final payment in a 'lump sum.' There is no provision in the statute, if we are to give the words their ordinary and accepted meaning, which would lead to any conclusion except that the lump sum payment is in lieu of continuing payments to the widow. Clearly the widow is no longer entitled to receive weekly benefits. . . .

In sum, then, a dependent widow is entitled to weekly

benefits until death or remarriage. Upon her remarriage, a widow's weekly benefits terminate, and she receives a lump sum benefit equal to 104 weeks of the compensation to which she was entitled before marriage.

■ Accordingly, we construe the ordinary meaning of the language of the statute and conclude that the lump sum payment is not a weekly benefit. Therefore, Tyson is not entitled to credit the lump sum payment against its maximum statutory liability.

Reversed and remanded.

BROWN, J., not participating.