The Honorable Charlie Cole Chaffin State Senator 12180 Interstate 30 Benton, Arkansas 72015
Dear Senator Chaffin:
This is in response to your request for an opinion concerning the interpretation of Act 549 of 1987. This act is codified at A.C.A. § 6-13-213 (Supp. 1989), and provides in subsection (a) as follows:
 (a) Upon petition by real property owners of land located wholly within the corporate limits of an incorporated town which has a school district situated within its corporate limits with boundaries which do not encompass the lands of petitioners to release the lands from the school district in which they currently are located for the purpose of being annexed to the school district situated within the corporate limits of the town in which the lands are located, the school district board of directors concerned shall approve the petition if: [certain conditions are met.]
You note that several residents who have land "wholly within" the City of Benton, but in the Bryant School District, have been petitioning both school districts for annexation to the Benton School District, and the County Board of Education has been approving these petitions. You note that the City of Benton is wholly within the Benton School District, and the Benton School District has additional lands outside the corporate limits.[1]
The County Board of Education was recently presented with the affidavit of the Associate Director of Administrative Services for the Department of Education to the effect that Act 549 of 1987 could only be effectual as to the Little Rock and North Little Rock School Districts, because they were the only ones that "had territory that lay exclusively within the city limits." It is apparent from this affidavit, as you note, that the Director of Administrative Services at the Department of Education believes that the act requires not only that the real estate owner have land located "wholly within" the corporate limits, but that the school district as well must be "wholly" within the corporate limits of an incorporated town. The Benton School District is not "wholly" within or "exclusively" within the corporate limits of the City of Benton.
Because of the confusion surrounding the interpretation of the act, you have asked my opinion on whether the receiving school district must be "wholly within" or merely "within" the corporate limits of an incorporated town.
For the reasons that follow, it is my opinion that the receiving school district does have to be "wholly within" the incorporated town, and not merely partly "within" it. This point, however, is not the only issue as to whether this act is applicable to the Benton School District.
This statutory provision, A.C.A. § 6-13-213 (Supp. 1989), applies to "incorporated towns." This term is used repeatedly throughout Act 549 of 1987. The relevant provision provides that upon petition of real property owners of land located wholly within the corporate limits of an "incorporated town," which has a school district located within its corporate boundaries, the board of directors shall approve the petitions upon certain conditions. It is unclear whether this language would be applicable to cities of the first or second class.
The term "incorporated town" has a distinct, legally significant meaning in Arkansas law. There are only three classifications of municipal corporations in Arkansas: 1) cities of the first class, 2) cities of the second class, and 3) incorporated towns. A.C.A. § 14-37-102.
It may be contended that when the words "incorporated town" are used in a statute, they are intended to convey a specific legal classification. Although the first rule in interpreting a statute is to construe it just as it reads by giving words their ordinary and usually accepted meaning, Arkansas Vinegar Co. v. Ashby,294 Ark. 412, 743 S.W.2d 798 (1988), it has also been held that where the legislature, in enacting a statute, uses words which have a fixed and well-known legal signification, they are presumed to have used them in that sense, unless the contrary intention clearly appears. Fernwood Mining Co. v. Pluna,138 Ark. 459, 213 S.W.2d 397 (1919).
If the word "town" had been used instead of the words "incorporated town," the question might be different. In FarmersCooperative Association v. Stevens, 260 Ark. 735, 543 S.W.2d 920
(1976), the Arkansas Supreme Court cited two previous cases and noted that "where the only word used is `town' it is to be taken in its popular sense." Id. at 739. Its popular sense is apparently the use of the word "town" generically to include both cities and villages. See Black's Law Dictionary 1337 (5th ed. 1979). The court, in Farmer's Cooperative, however, made much of the fact that the language of the relevant statute did not use the words "incorporated town."
There are, with this particular statute, however, several arguments to the contrary. The question has been extensively briefed in Little Rock School District v. Pulaski County SpecialSchool District, No. 1, (No. LR-C-82-866.) There has been to date no specific ruling on the question. It is our understanding, however, that the district court, in at least one instance, has approved an annexation, ostensibly pursuant to this statute, of land located in a city of the first class. It may thus be concluded that the federal district court has implicitly concluded that A.C.A. § 6-13-213 does have applicability to cities.
In light of the foregoing, this office cannot reach a definitive conclusion on the question. We note also that it does not expressly form the basis for your request.
With this initial issue noted, it is my opinion that the question of whether the receiving school district must be entirely or exclusively within the incorporated town is an extremely close one. The act uses the words "wholly within" to describe the requirement that the petitioners' land be "wholly within" the corporate limits of the incorporated town. When the act refers to the receiving school district, however, it only uses the word "within." The receiving school district must be "within" the corporate limits of the incorporated town. The crucial construction is upon the word "within." It was stated in Town ofAlexandria v. Clark County, 231 S.W.2d 622 (Mo. 1950) that:
 It is true that the statute does not say `wholly within' which is not synonymous with `partly' which refers to a situation where a part of a territory is within a district and part of it is without the district. [Citation omitted.] But, neither does the statute employ the phrase `partly within' or `substantially within' which would be interpolated into the statute if the appellant's interpretation of the statute prevailed. Had the legislature intended that interpretation it could have provided for it. . . .
Id. at 624.
The question presented under A.C.A. § 6-13-213 is a little different, however, because in one clause of the statute, the legislature uses the term "wholly within" and in another it merely uses the word "within." It would have been just as easy to use the term "wholly within" in both places if this had been its intention. If the word "within" in its natural and true sense already means "wholly within," isn't the adjective "wholly" in the statute unnecessary?
We can find no definitive resolution of the question. The court in Town of Alexandria noted that the word "within" is not a "`word of art' with but one meaning — it has a variety of meanings according to the connection in which it is used."231 S.W.2d at 623. The court also cited Webster's Dictionary as defining "within" as
 `In or into the space or part enclosed by the outer surfaces or between encompassing sides; specif.: On the inside or inner side; * * * Inside the bounds, as of a region; * * *.' As a preposition `within' is defined as `In the inner or interior part of; inside of; not without; * * *. In the limits or compass of; * * *.'
231 S.W.2d at 624.
I am of the opinion that the ordinary meaning of the term "within," at least when it comes to spatial relationships, means inside, or not without. See generally, Rogers v. GallowayFemale College, 62 Ark. 627 (1898). The legislature's use of the related term "wholly within," however, casts doubt as to whether it intended a different meaning for the term "within" as opposed to the term "wholly within."
Because the first rule of statutory construction is to construe a statute just as it reads, giving words their ordinary and usually accepted meaning, Arkansas Vinegar Co. v. Ashby,294 Ark. at 415, we must conclude that the word "within" does in fact mean "within the bounds of" or exclusively within.
It is my opinion, therefore, that the act has applicability to incorporated towns in which the receiving school district is "wholly within" the corporate limits of the incorporated town.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] We are unsure how the petitioners can have land wholly within the City of Benton, but in the Bryant School District, if the City of Benton is wholly within the Benton School District. We will, however, proceed to answer your general statutory construction question.