CITY OF FORT SMITH et al. *v.* William TATE
(Deceased)

92-707                                                    844 S.W.2d 356

Supreme Court of Arkansas
Opinion delivered January 11, 1993

406

*Public Employee Claims Division*, by: *Frank Gobell*, for appellants.

*Odom & Elliott*, by: *Don R. Elliott, Jr.*, for appellee.

DONALD L. CORBIN, Justice. In this worker's compensation case, appellants appeal the decision of the Court of Appeals

affirming the decision of the Workers' Compensation Commission holding that appellants were responsible for the payment of the remarriage lump sum benefits under Ark. Code Ann. § 11-9-527(d)(1) (1987). *City of Fort Smith* v. *Tate*, 38 Ark. App. 172, 832 S.W.2d 262 (1992). Appellants filed a petition for review with this court on June 12, 1992, which was granted on June 29, 1992. On review, we affirm the decision of the Court of Appeals. Since we find it difficult to improve on the well-reasoned opinion of the Court of Appeals, we adopt their opinion almost verbatim.

Appellee, William Tate, was killed in January of 1981 during the course of his employment with the Fort Smith Police Department. He was survived by his wife, Anita, and two minor children. The claim was accepted as compensable and appellants began paying death benefits. At the time of Tate's death, the maximum liability of an employer or its carrier in weekly benefits was $50,000.00. Appellants reached payment of the maximum amount in August of 1988. The Death and Permanent Total Disability Trust Fund (Fund) then began making the weekly benefit payment, as required by Ark. Code Ann. § 11-9-502(b)(2) (1987). On June 8, 1990, Anita remarried and requested the 104-week lump sum award provided pursuant to section 11-9-527(d)(1). It is the availability of this lump sum award that is at issue in this case.

At the hearing before the administrative law judge, appellants contended that the Fund was liable for the lump sum payment. Relying on *Death & Permanent Total Disability Trust Fund* v. *Tyson Foods, Inc.*, 304 Ark. 359, 801 S.W.2d 653 (1991), the administrative law judge concluded that appellants were responsible for payment of the lump sum benefit. In *Tyson Foods, Inc.*, we addressed whether Ark. Stat. Ann. § 81-1310(c)(2) (Repl. 1976) (now codified at Ark. Code Ann. § 11-9-502(b)(1) and (2) (1987)), and Ark. Stat. Ann. § 81-1315(d) (Repl. 1976) (now codified at Ark. Code Ann. § 11-9-527(d)(1) (1987)), allowed an employer or its insurance carrier to credit the 104-week lump sum payment made pursuant to section 81-1315(d) against its statutory liability for "weekly benefits" pursuant to section 81-1310(c)(2). We said:

Section 81-1310(c)(2) clearly places a maximum amount upon "weekly benefits" for death and permanent

total disability for which an employer or his insurance carrier is liable; significantly, however, the section does not provide for the inclusion of any other benefits in computing the maximum amount for which the employer or his insurance carrier is liable.

. . . .

[A] dependent widow is entitled to weekly benefits until death or remarriage. Upon her remarriage, a widow's weekly benefits terminate, and she receives a lump sum benefit equal to 104 weeks of the compensation to which she was entitled before marriage.

. . . .

[T]he lump sum payment is not a weekly benefit. Therefore, [the employer or his insurance carrier] is not entitled to credit the lump sum payment against its maximum statutory liability.

*Id.* at 361-62, 801 S.W.2d at 655.

On appeal before the full Commission, appellants raised a new argument, contending that Anita was not qualified for the lump sum benefit because of the "limiting language" found in section 11-9-527(d)(1). That provision states:

In the event the widow remarries before *full and complete payment* to her of the benefits provided in subsection (c) of this section, there shall be paid to her a lump sum equal to compensation for one hundred four (104) weeks, subject to the limitation set out in §§ 11-9-501—11-9-506.

(Emphasis added.) Subsection (c), to which this provision refers, sets out the amounts the beneficiaries are entitled to receive. It refers back to Ark. Code Ann. §§ 11-9-501 to -506 (1987). Section 11-9-502 specifically provided at the time of Tate's death that the employer's liability for weekly benefits ceased at $50,000.00 and that the Fund thereafter became liable for benefits.

Appellants base their contention that the Commission erred in finding them responsible for the lump sum benefit on the "before full and complete payment" language in section 11-9-

527(d)(1). Under section 11-9-502, a widow's entitlement to benefits will never end unless she dies or remarries, but the employer's liability does cease at $50,000.00. Appellants argue that since the only type of benefit that can be fully and completely paid is the employer's maximum liability for weekly benefits, the widow must remarry *before* the employer or carrier pays the full $50,000.00 in order to qualify for the lump sum benefit.

In a well-reasoned opinion, the Commission observed that the "full and complete payment" phrase does create uncertainty when considered in light of the unlimited nature of the benefits provided in section 11-9-527(c), but rejected appellants' contention that Anita was not qualified for the lump sum benefit. Based on the reasoning discussed below, the Commission determined Anita was entitled to receive the lump sum benefit and that appellants were responsible for payment of the benefit.

As did the Commission and the Court of Appeals, we find it helpful to review the history of this provision and related provisions. The provision containing the language in question was part of the original Workers' Compensation law that was passed in 1939. *See* Act of 319 of 1939, §§ 15(b) and 15(d). Under this act, a widow's weekly benefits were limited to a total sum of $7,000.00. Initiated Act No. 4 of 1948 increased this amount to $8,000.00. Initiated Act No. 1 of 1956 again increased the limit, setting it at $12,500.00. Therefore, as originally enacted, a widow's entitlement to weekly benefits was limited and "full and complete payment" of a widow's weekly benefits was possible prior to either her remarriage or death.

In 1968 the legislature eliminated the statutory limitation on the total amount of death benefits payable to the dependents of a deceased employee. In 1973, a new provision was added, limiting the employer's liability to the first $50,000.00 in weekly benefits and making the Fund liable for the weekly benefits in excess of $50,000.00. Although these new provisions were enacted, changing the nature of a widow's benefits from limited to unlimited, the "full and complete payment" language was left in the provision regarding the lump sum benefit.

■■ The first rule in interpreting a statute is to construe it just as it reads by giving words their ordinary and usually accepted meaning. *Arkansas Vinegar Co.* v. *Ashby*, 294 Ark.

412, 743 S.W.2d 798 (1988). Statutes relating to the same subject should be read in a harmonious manner if possible. All statutes on the same subject are *in pari materia* and must be construed together and made to stand if capable of being reconciled. *Id*. Provisions of our Workers' Compensation Act are to be construed liberally in favor of the claimant. *Id*. In interpreting a statute and attempting to construe legislative intent, we look to the language of the statute, the subject matter, the object to be accomplished, the purpose to be served, the remedy provided, legislative history, and other appropriate matters that throw light on the matter. *Hanford Produce Co. v. Clemons*, 242 Ark. 240, 412 S.W.2d 828 (1967).

As pointed out by the Commission, the statutory history of the provisions in question reflects an effort to balance the need to limit the total liability of employers and carriers against the need to adequately compensate employees and their dependents. The delimitation of benefits in 1968 and the establishment of the Fund in 1973 reflects the goal of adequately compensating the widow and dependents of a deceased employee. The obvious purpose of the lump sum benefit provision upon remarriage is to lessen the disincentive to remarry that would be inherent in a flat cutoff of dependency benefits. *See* 2 Arthur Larson, *The Law of Workmen's Compensation* § 64.42 (1992). This disincentive for marriage does not cease to exist when the employer reaches his maximum liability in weekly benefits; it continues indefinitely because the widow continues to receive benefits from the Fund. Therefore, the need for the reduction of the disincentive, in the form of a lump sum payment, is still needed even after the employer reaches his maximum liability.

Significant also is the fact that the limit on an employer or its carrier's liability under section 11-9-502 applies only to weekly benefits. The employer or its carrier is still responsible for any benefits in addition to weekly compensation to which the claimant is entitled. *See, e.g., Tyson*, 304 Ark. 359, 801 S.W.2d 653. It is therefore not inconsistent with the limitations on liability found in section 11-9-502 to require the employer or its carrier to pay the lump sum benefit.

The Commission noted that although its interpretation of the statute does leave the "full and complete payment" language

without meaning under the current statutory scheme, the interpretation proposed by appellants would create a ground for termination of a widow's entitlement to receive the lump sum benefit upon remarriage that it is not evident from the language of the statute. Such a construction would be in favor of the employer and therefore violate the requirement that we liberally construe workers' compensation law in favor of the claimant. *See Ashby*, 294 Ark. 412, 743 S.W.2d 798.

We agree with the Commission's finding that allowing the widow to receive the lump sum payment at the time she is remarried, regardless of whether the employer or its carrier has reached its maximum liability in weekly benefits, is the only interpretation of the statute that is consistent with the plain language of the statute, the history of the provisions in question, and the purposes underlying these provisions. It appears that the "full and complete payment" language was inadvertently left in from a time when it had some relevance and, in light of the delimitation on a widow's weekly benefits, it is now meaningless surplusage. Although a statute should be construed to give meaning and effect to every word therein if possible, *Locke* v. *Cook*, 245 Ark. 787, 434 S.W.2d 598 (1968), unnecessary or contradictory clauses in acts will be deleted and disregarded in order to give effect to the clear legislative intent. *See Cherry* v. *Leonard*, 189 Ark. 869, 75 S.W.2d 401 (1934), and cases cited therein.

The decision of the Commission that appellee's widow is entitled to lump sum remarriage benefit and that appellants are liable for payment of that benefit and the Court of Appeals' decision are affirmed.

Affirmed.