## Peggy WELCH v. TRI-COUNTY SHIRT CO.

CA 94-475                                                897 S.W.2d 575

Court of Appeals of Arkansas
Division I
Opinion delivered May 10, 1995

*J. T. Skinner*, for appellant.

*Bill H. Walmsley*, for appellee.

JOHN MAUZY PITTMAN, Judge. Appellant Peggy Welch appeals a decision of the Arkansas Workers' Compensation Commission finding unauthorized treatment was rendered by Drs. Louis Campos and David Sward. The Commission erred as a matter of law. We reverse and remand.

Appellant testified that in June 1992 she began experiencing numbness and tingling in the fingertips of her left hand, which worsened after a nonwork-related car accident on August 31, 1992. Attributing her left arm pain to the car accident, appellant went to her family physician, Dr. Louis Campos, on September 2, 1992. Appellant testified that she consulted Dr. Campos again on September 9, 1992, at which time she was diagnosed with carpal tunnel syndrome. Thereafter she reported her injury as work-related to appellee's personnel manager, Ms. Karen McFarren.

Ms. McFarren testified that appellant did not consider her

injury as work-related when appellant consulted Dr. Campos on September 2. Ms. McFarren further stated that when appellant first told her on September 9 that appellant attributed her injury to work, Ms. McFarren advised her that if she wanted to claim compensation benefits, appellant was required by company policy to consult Dr. Thomas Benton, a company doctor. Ms. McFarren testified that she obtained appellant's signature on the Workers' Compensation Form A-11 and A-29 and scheduled an appointment with Dr. Benton for appellant. Appellant saw Dr. Benton on September 11, 1992.

Dr. Benton referred appellant to Dr. Doug Foster, an orthopedist, who saw appellant one time on September 14, 1992. On September 16, 1992, appellant returned to Dr. Benton for the second and last time. Thereafter she refused to see either Dr. Foster or Dr. Benton. Appellant stated that she disagreed with the treatment plan proposed by Dr. Foster. Appellant said that she returned to Dr. Campos, on September 21, 1992, and continued to receive treatment from him. On November 9, 1992, Dr. Campos referred appellant to Dr. David Sward, who performed carpal tunnel release surgery.

The Commission found that appellee provided appellant with the proper notice of the change of physician requirements as outlined in Ark. Code Ann. § 11-9-514 (1987); that appellee had the right to make the choice of initial physician and when first notified of the injury, advised appellant to see Dr. Thomas Benton; and that since appellant failed to petition the Commission for a change of physician in accordance with Ark. Code Ann. § 11-9-514(a)(1) (1987), treatment rendered by Drs. Campos and Sward was unauthorized.

Appellant contends that she was free to choose Dr. Campos as her initial treating physician and that the change of physician rules in § 11-9-514 do not apply because she received treatment from Dr. Campos prior to and at the time she reported her work-related injury to appellee. She continued treatment with Dr. Campos. The Commission held that the employer has the right of first choice of physician because of the employer's duty to provide prompt medical services under Ark. Code Ann. § 11-9-508 (1987).

Arkansas Code Annotated § 11-9-514 (1987) is silent as to whether the employer or employee has the right to make the

choice of an initial treating physician.[1] Further, our review of related provisions of the Arkansas Workers' Compensation Act fails to persuade us with any sufficient certainty of the legislative intent. The Commission held and appellee argues that Ark. Code Ann. § 11-9-508 (1987) implies that the employer has the right of first choice because the employer has a duty to provide medical services to an injured employee. However, the statute speaks only to the employer's duty to provide medical services or bear the expense of medical services, not to the method of providing medical treatment. Moreover, provisions of our Workers' Compensation Act are to be construed liberally in favor of the claimant. *City of Fort Smith* v. *Tate*, 311 Ark. 405, 844 S.W.2d 356 (1993); *Belcher* v. *Holiday Inn*, 43 Ark. App. 157, 868 S.W.2d 87 (1993). This is in keeping with the remedial purposes of the Act. *Belcher, supra.* For the reasons stated, we reverse and remand for the Commission to make specific findings as to whether the parties made any agreement as to a choice of initial physician or whether either party acquiesced to the other's choice. *See Magic Mart, Inc.* v. *Little*, 12 Ark. App. 325, 676 S.W.2d 756 (1984); *Moro, Inc.* v. *Davis*, 6 Ark. App. 92, 638 S.W.2d 694 (1982).

Reversed and remanded.

COOPER and ROBBINS, JJ., agree.

---

[1] We note in Ark. Code Ann. § 11-9-514(a)(3)(A) (Supp. 1993), applicable to injuries occurring after July 1, 1993, that upon establishment of an Arkansas managed care system, the employer shall have the right to select the initial primary care physician from among those associated with the medical care entities certified by the commission.