The Honorable Stuart Vess State Representative 6717 Pontiac Drive North Little Rock, Arkansas 72116
Dear Representative Vess:
This opinion is being issued in response to your recent questions regarding case coordinators' salaries.
Your questions arise out of the provisions of A.C.A. § 16-10-133 (Acts 1995, No. 1256, § 16) and A.C.A. § 16-13-1409. These statutes both address the salaries that are to be paid to case coordinators.
A.C.A. § 16-10-133 mandates the creation of a staff position in each circuit, chancery, and probate court, for a person who is to perform "secretarial, docketing, and management services." The salary for this position is to be no more than $25,000.00, and is to be funded out of the State Administration of Justice Fund. The county, acting through its quorum court, can supplement this salary. Judges who already have one or more staff persons are required under this act to designate one such person to be subject to and paid pursuant to the provisions of this act.
A.C.A. § 16-13-1409 creates the position of case coordinator in Pulaski County. Under the provisions of that statute, the minimum salary for that position is currently $26,997.00 and is paid in its entirety by Pulaski County.
You indicate that some court employees who could be affected by the provisions of A.C.A. § 16-10-133 are already earning in excess of the $25,000.00 maximum provided for in that statute and are concerned that they will face a decrease in salary if they are designated as the staff person who is to be subject to the act.
In light of the above, you have presented the following questions:
 (1) Because the minimum salary under A.C.A. § 16-13-1409 exceeds the $25,000.00 maximum that the state may pay case coordinators under A.C.A. § 16-10-133, would Pulaski County be required to supplement the amount the state pays the case coordinator in order to meet the minimum salary requirement of A.C.A. § 16-13-1409?
 (2) Would Pulaski County have to supplement the $25,000.00 not only to reach the minimum salary requirement of A.C.A. § 16-13-1409, but also to provide for any raises the employee may receive?
 (3) Will Pulaski County retain the authority to continue to provide pay increases when county employees receive raises, as provided in A.C.A. § 16-13-1409?
 (4) Do you interpret Act 1256 of 1995, which allows the state to pay part of the case coordinator's salary, to repeal the section of A.C.A. § 16-13-1409 that require Pulaski County to pay the case coordinator's salary?
RESPONSE
Question 1 — Because the minimum salary under A.C.A. § 16-13-1409 exceedsthe $25,000.00 maximum that the state may pay case coordinators underA.C.A. § 16-10-133, would Pulaski County be required to supplement theamount the state pays the case coordinator in order to meet the minimumsalary requirement of A.C.A. § 16-13-1409?
Your question appears to be based upon the assumption that a case coordinator who is designated by the judge to be subject to the provisions of A.C.A. § 16-10-133 will be governed by both A.C.A. §16-13-1409 and by A.C.A. § 16-10-133. It is my opinion that this is not the case.
The Arkansas Supreme Court has held that statutes addressing the same subject must be interpreted so as to give effect to both if possible.See City of Ft. Smith v. Tate, 311 Ark. 405, 844 S.W.2d 356 (1993);Bolden v. Watt, 290 Ark. 343, 719 S.W.2d 428 (1986). The only reading of A.C.A. § 16-13-109 and A.C.A. § 16-10-133 that will give effect to both statutes is one under which one case coordinator cannot be governed by both statutes. Any other reading would create an irreconcilable conflict between the two statutes.
For this reason, I must conclude that when a Pulaski County judge designates a staff person as the one who is to be subject to and paid pursuant to the provisions of A.C.A. § 16-10-133, that person will not be governed by or paid pursuant to the provisions of A.C.A. § 16-13-1409. The provisions of A.C.A. § 16-13-1409 will be available to govern the judge's other case coordinator.
If the person who is designated to be governed by A.C.A. § 16-10-133 is currently earning a salary in excess of the $25,000.00 maximum that the state will pay under A.C.A. § 16-10-133, the county will have to supplement that salary in order to keep it at its current level. The county is authorized to do so under A.C.A. § 16-10-133(c).
Question 2 — Would Pulaski County have to supplement the $25,000.00 notonly to reach the minimum salary requirement of A.C.A. § 16-13-1409, butalso to provide for any raises the employee may receive?
As indicated in response to Question 1, it is my opinion that when a Pulaski County judge designates a staff person to be governed by A.C.A. § 16-10-133, and that person currently earns a salary in excess of the $25,000.00 maximum that the state will pay under A.C.A. § 16-10-133, the county would be required to supplement that salary in order to keep it at its current level.
Clearly, the county would likewise be required to supplement the salary in order to provide for further increases. As previously indicated, the county is authorized to do this under A.C.A. § 16-10-133(c).
Question 3 — Will Pulaski County retain the authority to continue toprovide pay increases when county employees receive raises, as provided inA.C.A. § 16-13-1409?
It is my opinion that there has been no change in the law that would impact upon or detract from the authority granted to Pulaski County under A.C.A. § 16-13-1409 to provide pay increases.
Indeed, the provisions of A.C.A. § 16-10-133(c) further reinforce this authority by making a similar grant to the county of authority to supplement the salary provided for therein.
It should be noted, however, that the authority granted in A.C.A. §16-13-1409 can be used only to affect the employees governed by that statute, and that the authority granted in A.C.A. § 16-10-133 can be used only to affect the employees governed by that statute. Nevertheless, the two grants of authority appear to allow the county to bring about the same result — i.e., pay increases for case coordinators.
Question 4 — Do you interpret Act 1256 of 1995, which allows the state topay part of the case coordinator's salary, to repeal the section ofA.C.A. § 16-13-1409 that require Pulaski County to pay the casecoordinator's salary?
No. As indicated previously, the Arkansas Supreme Court has held that if two statutes address the same subject, they must be interpreted, if possible, so as to give effect to both. See City of Ft. Smith v. Tate,311 Ark. 405, 844 S.W.2d 356 (1993); Bolden v. Watt, 290 Ark. 343,719 S.W.2d 428 (1986). Such an interpretation is entirely possible in the case of A.C.A. § 16-13-1409 and A.C.A. § 16-10-133. The two statutes govern different case coordinators and have no effect upon one another.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh