The Honorable Jodie Mahony State Senator 106 W. Main, Suite 406 El Dorado, AR 71730-5693
Dear Senator Mahony:
You have requested an Attorney General opinion concerning the alcohol education and treatment programs that are referred to in A.C.A. §5-65-115.
You have asked:
 (1) Are the "alcohol education program" and the "alcoholism treatment program" that are referred to in A.C.A. § 5-65-115 separate and distinct programs?
 (2) If so, what is the maximum fee which may be charged for the completion of each of these programs?
 (3) Are the "alcohol and driving education program" and the fees that are authorized by A.C.A. § 5-65-307 applicable only to persons under the legal drinking age, and separate and distinct from the programs and fees referred to in A.C.A. § 5-65-115?
RESPONSE
Question 1 — Are the "alcohol education program" and the "alcoholismtreatment program" that are referred to in A.C.A. § 5-65-115 separate anddistinct programs?
It is my opinion that the "alcohol education program" and the "alcoholism treatment program" that are referred to in A.C.A. § 5-65-115 are separate and distinct programs.
I base this conclusion on a "plain meaning" reading of the statute. SeeFord v. Keith, 338 Ark. 487, ___ S.W.2d ___ (1999). The statute states in full:
 (a)(1) Any person whose driving privileges are suspended or revoked for violating § 5-65-103 shall, in addition to other penalties provided in this chapter, be required to complete an alcohol education program as prescribed and approved by the Highway Safety Program or an alcoholism treatment program as approved by the Bureau of Alcohol and Drug Abuse Prevention of the Department of Health.
 (2)(A) Such alcoholism education program may collect a program fee of up to fifty dollars ($50.00) per enroller to offset program costs.
 (B)(i) A person ordered to complete an alcoholism treatment program under this section may be required to pay, in addition to the costs collected for treatment, a fee of up to twenty-five dollars ($25.00) to offset the additional costs associated with reporting requirements under this subchapter.
 (ii) The alcoholism education program shall report semiannually to the Highway Safety Program all revenue derived from this fee.
 (b)(1) A person whose license is suspended or revoked for violating § 5-65-103 shall:
 (A)(i) Furnish proof of attendance at and completion of the alcoholism treatment or education program before reinstatement of his or her suspended or revoked driver's license; and
 (ii) Pay any fee for reinstatement required under § 5-65-119 or § 5-65-304; or
 (B) Furnish proof of dismissal or acquittal of the charge on which the suspension or revocation is based.
 (2) An application for reinstatement shall be made to the Office of Driver Services of the Department of Finance and Administration.
 (c) Even if a person has filed a de novo petition for review pursuant to § 5-65-402, the person shall be entitled to reinstatement of driving privileges upon complying with this section and shall not be required to postpone reinstatement until the disposition of the de novo review in circuit court has occurred.
 (d) A person suspended under this act may enroll in an alcohol education program prior to disposition of the offense by the municipal court or circuit court but shall not be entitled to any refund of fees paid if the charges are dismissed or if the person is acquitted of the charges.
A.C.A. § 5-65-115.
The language of the statute plainly refers to the two types of programs as though they are separate and distinct. This conclusion is particularly evident from the fact that references to the programs are linked with the conjunctive "or," thus indicating that the two types of programs are not synonymous.
Accordingly, I conclude that the two types of programs are separate and distinct.
Question 2 — If so, what is the maximum fee which may be charged for thecompletion of each of these programs?
It is my opinion that the maximum fee that may be charged for both an "alcohol education program" and an "alcoholism treatment program" is $75.00.
Although the provisions of A.C.A. § 5-65-115 appear to differentiate between the maximum amount that can be charged for the two different programs, see Sections (a)(2)(A) and (B), another section of the same act leads to the conclusion that both types of programs can charge an additional $25.00.
A.C.A. § 5-65-104 (which, like Section 115, was originally enacted as a part of Act 549 of 1983)[1] states in pertinent part:
 Any person whose license is suspended or revoked pursuant to this section shall, unless the charges are dismissed or the person is acquitted of the charges upon which the suspension or revocation is based, be required to complete an alcohol education program as prescribed and approved by the Highway Safety Program or an alcohol treatment program as approved by the Bureau of Alcohol and Drug Abuse Prevention of the Department of Health. The alcohol education program may collect a program fee of up to fifty dollars ($50.00) per enroller to offset program costs. A person required to complete an alcohol education program under this section may be required to pay, in addition to the costs collected for education, a fee of up to twenty-five dollars ($25.00) to the alcohol education program to offset the additional costs associated with reporting requirements under this subchapter. The alcohol education program shall report semiannually to the Highway Safety Program all revenue derived from this fee.
A.C.A. § 5-65-104 (emphasis added).
When two statutory sections address the same topic, I am required to harmonize the two provisions, if possible, so that both will remain viable. See City of Ft. Smith v. Tate, 311 Ark. 405, 844 S.W.2d 356
(1993). Although I cannot explain the General Assembly's explicit differentiation in the allowable charges for the two types of programs under A.C.A. § 5-65-115(a)(2)(A) and (B), it is nevertheless possible to interpret the provisions of A.C.A. § 5-65-104(h) so as not to conflict with those of A.C.A. § 5-65-115. Such an interpretation views both provisions as allowing the additional charge. A.C.A. §5-65-115(a)(2)(B)(i) allows it for "alcoholism treatment programs," and A.C.A. § 5-65-104(h) allows it for "alcohol education programs."
Accordingly, I conclude that the maximum fee that may be charged for both an "alcohol education program" and an "alcoholism treatment program" is $75.00.
I must note that I recently issued Opinion No. 99-418, in which I opined that alcohol education programs are not permitted to charge the additional $25.00 that can be charged for alcoholism treatment programs. That opinion was based solely on an interpretation on the provisions of A.C.A. § 5-65-115, and did not take into consideration the language of A.C.A. § 5-65-104(h), discussed above. Therefore, Opinion No. 99-418 is hereby superseded.
Question 3 — Are the "alcohol and driving education program" and the feesthat are authorized by A.C.A. § 5-65-307 applicable only to persons underthe legal drinking age, and separate and distinct from the programs andfees referred to in A.C.A. § 5-65-115?
It is my opinion that the program and fees authorized by A.C.A. §5-65-307 are applicable only to persons under the legal drinking age, and are separate and distinct from the programs and fees authorized by A.C.A. § 5-65-115.
A.C.A. § 5-65-307 was enacted as a part of Act 863 of 1993 (much later than the enactment of A.C.A. § 5-65-115 by Act 549 in 1983). The language of A.C.A. § 5-65-307 unquestionably indicates that (unlike the programs authorized by A.C.A. § 5-65-115) the program authorized by A.C.A. §5-65-307) is to be directed specifically toward underage individuals. (The term "underage" as used in the subchapter including Section — 307 is defined as "any person who is under the age of twenty-one (21) years old and therefore may not legally consume alcoholic beverages in Arkansas." A.C.A. § 5-65-302(2).) This intent is particularly clear from two provisions of the statute. First, the statute explicitly requires "any underage person who has had his or her driving privileges suspended, revoked, or denied" for violating A.C.A. § 5-65-303 to enroll in "an alcohol and driving education program for underage drivers." Notably, A.C.A. § 5-65-303 is a prohibition against driving while under the influence of alcohol that applies only to underage drivers. In this regard, A.C.A. § 5-65-307 differs from A.C.A. § 5-65-115, which refers broadly to "any person whose driving privileges are suspended or revoked for violating A.C.A. § 5-65-103 (which is a prohibition against driving while intoxicated that applies to "any person.") Second, A.C.A. §5-65-307 specifically states that the alcohol education program referred to therein must be "targeted at the underage driving group." A.C.A. §5-65-307(a)(2).
These provisions clearly indicate that the alcohol education program authorized by A.C.A. § 5-65-307 (and the fees authorized for that program)[2] are separate and distinct from the programs and fees authorized by A.C.A. § 5-65-115.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] Although both Section 115 and Section 104 have been amended since they were originally enacted in 1983, the language that is pertinent to this amendment has not been changed.
[2] A fee of up to $75.00 may be charged for the program authorized by A.C.A. § 5-65-307.