TODD v. THEDFORD.

4-9941                                          253 S. W. 2d 961

Opinion delivered January 12, 1953.

Gordon & Gordon, for appellant.

George W. Shepherd and J. G. Moore, for appellee.

GRIFFIN SMITH, Chief Justice. We determine whether the probate court correctly ordered distribution of the estate of Jewell Emma Thedford when it ruled that the applicable law was § 61-111 of Arkansas statutes, Digest of 1947. Appellants contend that the correct directive is § 61-101.

Miss Thedford's father and mother predeceased her. Formerly each had been married to another, and children were the result of such unions. Miss Thedford was survived by a brother of the whole blood. A brother by the half blood—the issue of her mother's preceding marriage—died prior to the action resulting in this appeal. He is survived by a son who claims through his father. Six daughters were born to Miss Thedford's father

and his former wife. One daughter is dead and her interest in the half sister's estate is claimed by four daughters.

Decedent had no children and these relatives are her sole surviving heirs, all others having predeceased her without issue. It is conceded that no ancestral estate is involved, all property being personalty or a new acquisition.

Section § 61-101, Ark. Stat's, upon which appellants predicate their claims, reads: "When any person shall die having title to any real estate of inheritance, or personal estate, not disposed of, nor otherwise limited by marriage settlement, and shall be intestate as to such estate, it shall descend and be distributed, in parcenary, to his kindred, male and female, subject to the payment of his debts and the widow's dower in the following manner: First: To children, or their descendants, in equal parts. Second: If there be no children, then to the father and mother in equal parts, or, if one parent be dead, then the whole to the surviving parent; if no father or mother, then the brothers and sisters (or their descendants) in equal parts. Third: If there be no children, nor their descendants, father, mother, brothers, or sisters, nor their descendants, then to the grandfather, grandmother, uncles and aunts and their descendants in equal parts, and so on in other cases, without end, passing to the nearest lineal ancestee [ancestor], and their children and their descendants, in equal parts."

Since Miss Thedford's father and mother predeceased her, and since she had no children, appellants insist that the estate should be awarded the surviving brothers and sisters *per capita* and to the children of deceased brothers or sisters *per stirpes*.

Appellees think the litigation is controlled by Ark. Stat's § 61-111, which is: *"Descent Where no Father or Mother.* The estate of an intestate, in default of a father and mother, shall go as follows: One-half to the brothers and sisters, and their descendants, of the father, and the other one-half to the brothers and sisters, and their descendants, of the mother; provided, that if such

line of either the father or the mother shall be extinct, then the entire estate shall go to such line of the other. This provision applies only where there are no kindred, either lineal or collateral, who stand in a near relation, and does not apply to ancestral estates.''

By appellants' interpretation each heir would receive ⅛, except the four children of the deceased half sister, who would share equally in their mother's portion, receiving 1/32 of the total estate. By appellee's construction the brother and heir of the deceased half brother would receive half the estate, to divide equally, and the other half would be divided equally between the brother and the remaining heirs, except the four children of the deceased half sister, who would divide the share which would have come to their mother had she survived. The brother and half brothers' heir would thus receive ¼ each, and the brother and other heirs 1/7 each, of the remaining half.

The functions of Ark. Stat's, § 61-111, and its connection with § 61-101, were discussed in *Daniels* v. *Johnson,* 216 Ark. 374, 226 S. W. 2d 571, 15 A. L. R. 2d 1401. It was there held that § 61-111 does not amend or repeal § 61-101, but only defines the manner of descent and distribution of non-ancestral estates under the third subparagraph of § 61-101. Where brothers and sisters survive a decedent, § 61-111 has no application because brothers and sisters stand in a near*er* relationship to the decedent than the class of distributees who are provided for by § 61-111. The opinion language is: ''It is as though § 61-111 reads, 'The estate of an intestate, in default of [descendants, or brothers and sisters or their descendants] or a father and mother, shall go as follows. . . .' ''

Because there were brothers and sisters surviving, § 61-111 did not apply. The correct distribution is an equal division to all surviving brothers and sisters, *per capita;* and to the issue of those who predeceased the intestate, *per stirpes.*

Relatives by the half blood share non-ancestral estates equally with the whole blood. Ark. Stat's, § 61-112.

Reversed and remanded.