The Honorable Louis McJunkin State Representative Post Office Box 223 Springdale, Arkansas 72765-0223
Dear Representative McJunkin:
This is in response to your request, on behalf of the Springdale City Attorney, for an opinion concerning the disposition of seized property by a police department. It appears that you are principally concerned with A.C.A. § 5-5-101 (Repl. 1993), which generally provides that the proceeds from the sale of seized property must be paid into the county general fund, and A.C.A. §24-11-415 (Repl. 1996), which provides that the proceeds from the sale of goods confiscated within a city must be deposited into the city's policemen's pension and retirement fund. For purposes of clarity, some of your ten questions have been restated in part, and the order of your first and second questions has been reversed.
Question 1 — The proceeds from the sale of unclaimed seizedproperty sold by the sheriff pursuant to A.C.A. § 5-5-101(d) mustbe paid into the general fund of the county. Isn't that in directconflict with A.C.A. § 24-11-415 which requires that the proceedsfrom the sale of property taken by a law enforcement agency withinthe city limits be paid into the city's policemen's pension andretirement fund?
In my opinion, A.C.A. § 24-11-415 controls over A.C.A. §5-5-101(d) with regard to the proceeds derived from the sale of goods confiscated within a city.
The disposition of seized property, including contraband, is generally governed by § 5-5-101. Op. Att'y Gen. 91-228 (copy enclosed). Section 5-5-101(a) requires that all seized property be returned to its rightful owner or possessor, except for contraband owned by a defendant. Unclaimed seized property, other than contraband, must be sold at a public auction held by the sheriff of the county in which the seizure took place. A.C.A. §5-5-101(d). The proceeds of the sale, less the cost of sale and storage charges, shall be paid into the county general fund.[1] Id. Under § 5-5-101(c), contraband generally must be destroyed; however, if the contraband is capable of lawful use, it may, in the discretion of the court having jurisdiction, be retained for use by the law enforcement agency responsible for the arrest or sold, with the proceeds disposed of in the manner provided by § 5-5-101(e), (f), and (g). Pursuant to § 5-5-101(g), proceeds from such a sale ultimately must be paid into the general fund of the county.
Although the disposition of seized property is generally governed by § 5-5-101, A.C.A. § 5-5-102 (Repl. 1993) provides that when there is a statute that specifies procedures for the disposition of a particular type of seized property, the seized property shall be disposed of in accordance with that statute. See Op. Att'y Gen. Nos. 96-389, 91-228, 91-011, and 89-070. For example, the disposition of property that is seized in connection with a violation of the Arkansas Controlled Substances Act is specifically provided for in A.C.A. § 5-64-505. See Op. Att'y Gen. 96-389.
In light of the foregoing legal framework, you have inquired as to whether § 24-11-415 is in conflict with § 5-5-101. Section24-11-415, entitled "Proceeds derived from sale of confiscated goods," provides:
 In all cities and towns, the proceeds derived from the sale of all confiscated goods which are required by the laws of this state to be sold if they were confiscated by a police officer of the city, or by the sheriff or State Police within the city, shall be deposited in the city's policemen's pension and retirement fund.
Initially, I assume that a more specific statute does not govern the particular type of seized property in question. In Board ofTrustees v. Stodola, 328 Ark. 194, 942 S.W.2d 255 (1997), the court held that § 5-64-505 effected a repeal by implication of §24-11-415 in drug trafficking cases. The court noted that §5-64-505(k) is a specific statute that concerns the forfeiture of personal property related to drug trafficking, and § 24-11-415 is more general and relates to proceeds from any goods confiscated in connection with any crime within the city. Thus, if a provision such as § 5-64-505 is applicable, then neither § 5-5-101 nor §24-11-415 will govern the disposition of the seized property.
In light of the foregoing, it is my opinion that § 24-11-415
controls over § 5-5-101(d) with regard to the proceeds derived from the sale of goods confiscated within a city. This conclusion is supported by § 5-5-102, the rule of statutory interpretation that a general statute must yield when there is a more specific statute involving the particular subject matter, and the fact that § 24-11-415 was enacted after § 5-5-101.
Both § 24-11-415 and § 5-5-101 deal with the proceeds derived from the sale of seized property.[2] It is, however, my opinion that § 24-11-415 is the more specific of the two statutes. Section 24-11-415 addresses the proceeds from any goods confiscated within the city. Section 5-5-101 is more general and concerns all seized property regardless of the location of the seizure. The Arkansas Supreme Court has held that where two statutes address the same subject, one of which is more specific than the other, the more specific will govern. See Board ofTrustees v. Stodola, supra. Further, § 5-5-102 provides that when there is a statute regarding the disposition of a particular type of seized property, the seized property shall be disposed of in accordance with that statute. Finally, repeal by implication occurs when there exists an "invincible repugnancy" between the earlier and later statutory provisions. Board of Trustees v.Stodola, supra. Section 24-11-415 (Act 745 of 1977) was enacted after § 5-5-101 (Act 280 of 1975), and the statutes are in direct conflict with regard to the disposition of the proceeds derived from the sale of goods confiscated within a city.
Question 2 — Could the city conduct the sale of such property(contraband capable of lawful use and not retained by the lawenforcement agency) since the proceeds derived from the sale shallbe deposited in the city's policemen's pension and retirementfund?
It is my opinion that the answer to this question is most likely "no." Arkansas Code Annotated § 24-11-415 and A.C.A. § 5-5-101
only conflict with regard to where the proceeds derived from the sale of goods confiscated within a city must be deposited. Consequently, the provisions of § 5-5-101 still govern the conduct of the sale.
In Opinion 91-228, I opined that § 5-5-101 is unclear with regard to who is specifically responsible for the sale of contraband. I stated that "while the county court could reasonably accept responsibility for the sale of such property, as any sale proceeds go into the county general fund, legislative clarification may be warranted." It is, however, my opinion that most likely the city may not conduct the sale of contraband. Section 5-5-101 appears to contemplate that the sheriff is in all likelihood responsible for the sale of seized property, including contraband. Section5-5-101(d) provides that unclaimed seized property shall be sold at public auction held by the sheriff. Although the county court might reasonably accept responsibility for the sale of contraband, it does not appear reasonable for a city to assume responsibility under the statute because the statute provides that the proceeds shall be delivered to the county treasurer. Section 5-5-101 does not appear to contemplate conduct by a city, and § 24-11-415 does not address how a sale must be conducted.
Question 3 — Can a local police department conduct a sale of bothunclaimed seized property and contraband capable of lawful use andnot retained by the law enforcement agency? If so, what is thestatutory authority?
It is my opinion that the answer to this question is "no." Please see my response to question two. In addition, it is clear that unclaimed seized property must be sold at public auction held by the sheriff of the county in which the seizure took place.
Question 4 — Under Arkansas Rule of Criminal Procedure 15.2(g),the court shall order seized property to be delivered to theofficials charged with responsibility under the applicable lawsfor the sale, destruction or other disposition of contraband andunclaimed goods in official custody. Does a circuit or municipaljudge having jurisdiction over the seized property because thedefendant is charged in their respective court have the authorityto direct the city police department to sell the seized propertyat public auction in accordance with the provisions of A.C.A. §5-5-101(e f)?
In my opinion, the answer to this question is "no." Rule 15.2 of the Rules of Criminal Procedure provides in part:
 (g) Disposition of Contraband and Unclaimed Goods. At such time as the court finds that there is no further need for custody of the seized things, and if no motion for return or restoration of the seized things has been made, the court shall order the things to be delivered to the officials charged with responsibility under the applicable laws for the sale, destruction, or other disposition of contraband and unclaimed goods in official custody.
(Emphasis supplied.) Thus, pursuant to Rule 15.2(g), the court's authority is limited to ordering that the seized goods be delivered to the officials who, under the applicable laws of the state, are charged with the responsibility for the sale of the items. According to your letter, § 5-5-101 is the applicable law; therefore, a court is most likely limited to ordering that the items be delivered to the sheriff. It should, however, be noted that § 5-5-101 grants a court discretion to permit contraband capable of lawful use to be retained for use by the law enforcement agency responsible for the arrest.[3]
Question 5 — Would it make any difference if the property waseither contraband capable of lawful use (and not retained for useby a law enforcement agency) or unclaimed seized property?
In my opinion, the answer to this question is "no." Please see my responses to questions two, three, and four.
Question 6 — Does a circuit or municipal judge have the authorityto require that the proceeds from a sale either by the localpolice department or sheriff be paid into any fund (e.g.restitution, drug) except as noted in A.C.A. § 5-5-101 or A.C.A. §24-11-415?
In my opinion, if § 5-5-101 and § 24-11-415 govern the disposition of the seized property, then the answer to this question is "no." Neither statute grants a judge the authority to determine where proceeds from a sale shall be deposited. It should, however, be noted that if a more specific statute governing a particular type of seized property is applicable, such as A.C.A. § 5-64-505
(Controlled Substances Act), then the provisions of the specific statute must be considered.
Question 7 — Under the authority of § 5-5-101(c), the judgehaving jurisdiction may order that contraband capable of lawfuluse be retained for use by the law enforcement agency responsiblefor the arrest. Does the judge have the authority to order thatproperty in the same case, not contraband but unclaimed seizedproperty, be retained by the law enforcement agency responsiblefor the arrest for their use?
In my opinion, the answer to this question is "no." See Op. Att'y Gen. 91-322 (copy enclosed). Section 5-5-101(c) provides that unclaimed seized property shall be sold at public auction. The word "shall," when used in a statute, means the legislature intended mandatory compliance unless such an interpretation would lead to absurdity. Campbell v. State, 311 Ark. 641,846 S.W.2d 639 (1993). In addition, the language granting a judge the discretion to permit a law enforcement agency to retain contraband capable of lawful use was enacted in 1991. Act 1030 of 1991 was entitled, in part, "An Act to Amend Arkansas Code 5-5-101 to Provide that Weapons Used in the Commission of a Felony May Be Retained by the Appropriate Law Enforcement Agency . . ." Prior to the 1991 amendment, all unclaimed seized property, including contraband, had to be sold or destroyed. Once again, it must be noted that any other applicable provisions governing the disposition of a particular type of seized property must be followed. See e.g. A.C.A. § 5-5-201 et seq. (court may permit law enforcement agency to retain a seized motor vehicle for official use if motor vehicle was used in commission of certain offenses); A.C.A. § 5-64-505 (circuit court may permit law enforcement agency to retain property seized under Uniform Controlled Substances Act for official use).
Question 8 — Is there any time restriction that any lawenforcement agency must hold articles that are either contraband,contraband subject to lawful use, or unclaimed seized articlesprior to conducting a sale under the provisions of A.C.A. §5-5-101?
Contraband and unclaimed property may not be sold until the court has determined that there is no further need for custody of the seized property. See Ark. R. Crim. P. 15.2(g). Further, the proceeds from the sale of such property must be held in a separate account by the county treasurer for a period of three months in order to give the owner of such property an opportunity to claim the proceeds from the sale. A.C.A. § 5-5-101(g)
Question 9 — Is there any authority that would allow the sale ofcontraband subject to lawful use or unclaimed seized articles to aprivate individual for fair market value not at public auction?
In my opinion, if § 5-5-101 governs the disposition of the seized property, then the answer to this question is "no." Subsections (d), (e), and (f) of § 5-5-101 clearly contemplate that contraband and unclaimed seized property must be sold at public auction.
Question 10 — In accordance with A.C.A. § 5-5-101(c), a judgeorders contraband capable of lawful use retained for use by thelaw enforcement agency responsible for the arrest. Can the lawenforcement agency give an item such as a handgun to an officerwho worked the case as a memento? Can the gun be sold to theofficer? Can it be sold to a private individual? Can the judgeretain the property?
It is my opinion that § 5-5-101(c) contemplates that the law enforcement agency will retain the property for its official use rather than donating the property to an individual. With regard to property forfeited pursuant to the Controlled Substances Act and retained for use by a law enforcement agency, this office has opined that the disposal of forfeited property retained for official use by a municipal law enforcement agency should be in accordance with the general procedures established for the sale of municipal property. Op. Att'y Gen. 91-416; see generally A.C.A. §§ 14-54-302 and 14-58-306. Further, it is generally stated that "a power of use and disposal of municipal property does not include the power of donation or gratuitous disposition, and [a municipality] has no power to donate lands or personal property to private uses. . . ." Op. Att'y Gen. 92-272; 63 C.J.S. MunicipalCorporations § 965 (1950).
With regard to the second and third parts of this question, contraband and unclaimed seized property must be sold at public auction. See Response to Question Nine. Thus, such property cannot be sold in a private sale to an officer or any other individual, but the officer, as well as any other individual, may purchase the gun at the public auction. If, however, these parts of your question concern whether the property may be sold by the law enforcement agency after it has been retained for use, then see my response to the first part of this question.
As to the final part of this question, a court may retain contraband pursuant to Ark. R. Crim. P. 15.2 until such time as there is no further need for custody of the seized property. If, however, your question concerns whether a judge, individually, may retain the property, then the answer to your question is "no." Under § 5-5-101, contraband may only be retained for use by the law enforcement agency responsible for the arrest.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] In Opinion No. 91-228, I opined that the provisions of §5-5-101(e), (f), and (g) also apply to these sales.
[2] In Board of Trustees v. Stodola, supra, the court stated that the term "confiscated" appeared to be interchangeable with the phrase "seized or forfeited."
[3] Other provisions such as A.C.A. § 5-64-505, if applicable, also grant the court additional authority with regard to the disposition of seized property.