The Honorable Peggy Jeffries State Senator 1122 South Waldron Road — Suite C Fort Smith, Arkansas 72903-2583
Dear Senator Jeffries:
This is in response to you request, on behalf of Ms. Norma Lucas, for an opinion concerning A.C.A. § 6-15-503 and the "Home School Waiver Form." The correspondence attached to your request asserts that representatives of the Arkansas Department of Education are informing parents of children with disabilities that signing the home school waiver form means giving up all current and future rights to special education services under the Individuals with Disabilities Education Act (IDEA). In addition, Ms. Lucas has stated that she "understand[s] this waiver to be a release of `liability,' while a student is not in public school, so the parents or guardians cannot make a claim against the school district."
Initially, it must be noted that Article 14, § 1, of the Arkansas Constitution provides that "the State shall ever maintain a general, suitable and efficient system of free public schools and shall adopt all suitable means to secure to the people the advantages and opportunities of education." In addition, A.C.A. § 6-18-201 generally provides for compulsory school attendance, and a home school as described in A.C.A. §6-15-501 et seq. satisfies that requirement. Arkansas Code Annotated §6-15-503, "Prerequisites to home schooling," provides in part:
 (a)(1) Parents or guardians desiring to provide a home school for their children must give written notice to the superintendent of their local school district of their intent to provide a home school for their child and sign a waiver authorizing the release of the State of Arkansas from any future liability for the education of their child:
 (A) At the beginning of each school year for parents who are currently homeschooling their child; or
 (B) At the time during the school year that the parent withdraws the child from the local school district and at the beginning of each school year thereafter.
Further, pursuant to A.C.A. § 6-15-503, the "Home School Waiver Form" provides in part:
 As a condition to my right to home-school the child(ren) listed below, as of the date I sign this waiver and release, I hereby release and discharge the State of Arkansas and all of its current and future departments, agencies, boards, officials, agents and employees, in both individual and official capacities, from any future responsibility for the education of the child(ren) listed below. I further release and discharge the State of Arkansas and all of its current and future departments, agencies, boards, officials, agents and employees, in both individual and official capacities, from any and all actions, claims, demands, causes of action, and all liability for legal and equitable relief of any kind whatsoever that may arise from any acts or omissions concerning the education of the child(ren) listed below.
In my opinion, the intent of A.C.A. § 6-15-503 is to require a parent or guardian to sign a waiver releasing the State of Arkansas from any future liability, regarding the education of the child, that might arise as a result of the child being home schooled during a particular period of time, i.e. during the particular year (or part of the year) the child is not in a public school. The basic rule of statutory construction to which all other interpretive guides must yield is to give effect to the intent of the legislature. Mountain Home Sch. Dist. v. T.M.J. Bldrs.,313 Ark. 661, 858 S.W.2d 74 (1993). In attempting to ascertain legislative intent, the court will look to the language of the statute, the subject matter, the object to be accomplished, the purpose to be served, legislative history, and other appropriate matters that shed light on the matter. Board of Trustees v. Stodola, 328 Ark. 194, 942 S.W.2d 255
(1997). Section 6-15-503 clearly provides that parents or guardians desiring to provide a home school for their children must sign a waiver at the beginning of each school year. The requirement that a waiver be signed at the beginning of each school year would be meaningless if the signing of a single waiver released the State of Arkansas from any future liability for the education of the child, including the provision of suitable and efficient free public schools in future years. Of course, the above statutory language has not been subjected to judicial interpretation, and only a court could definitively resolve this issue.[1]
The IDEA (formerly the Education for Handicapped Act), 20 U.S.C.A. § 1400et seq., provides federal money to assist state and local agencies in educating disabled persons and codifies the goal that "all children with disabilities have available to them . . . a free appropriate public education which emphasizes special education and related services designed to meet their unique needs." Light v. Parkway C-2 School Dist.,41 F.3d 1223 (8th Cir. 1994), cert. denied 115 S.Ct. 2557; Peterson v.Hastings Public Schools, 31 F.3d 705 (8th. Cir. 1994). With regard to an individual's rights and remedies under the IDEA, it must be noted that this office has neither the resources nor the authority to opine in any detail with regard to federal law. I must, however, also note that under the supremacy clause of the United States Constitution, federal law is the "supreme law of the land," and while there is no per se prohibition against an overlap of federal and state law, federal law must prevail in the event that a conflict between the two arises. See U.S. Const., art.6, cl. 2; Op. Att'y Gen. 95-279. For further information about the IDEA, I suggest that your constituent consult the U.S. Attorney or private counsel.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] It should also be noted that the construction of a particular document, such as a waiver, is not properly within the scope of an Attorney General opinion. Only a court may conclusively resolve the effect of a particular agreement.