ALLTEL MOBILE COMMUNICATIONS, INC., Alltel
Northern Arkansas RSA Limited Partnership, Alltel Cellular
Associates of Arkansas Limited Partnership, Alltel Central
Arkansas Cellular Limited Partnership, Arkansas RSA No. 2
(Searcy County) Cellular Limited Partnership, Ft. Smith MSA
Limited Partnership, Fayetteville MSA Limited Partnership, and
Northwest Arkansas RSA Limited Partnership *v.*
ARKANSAS PUBLIC SERVICE COMMISSION

CA 97-826                                    975 S.W.2d 884

Court of Appeals of Arkansas
Divisions III and IV
Opinion delivered October 14, 1998

*Stephen B. Rowell;* and *Friday, Eldredge & Clark,* by: *Allison Graves,* for appellants.

*Paul J. Ward,* for appellee.

ANDREE LAYTON ROAF, Judge. This appeal involves the interpretation of Act 77 of 1997, the Telecommunications Regulatory Reform Act, as it relates to the Arkansas Public Service Commission's authority to require appellants and other commercial mobile-service providers to comply with Ark. Code Ann. §§ 23-3-109 (Supp. 1997) and 23-3-110 (Supp. 1997). Appellants contend that the passage of Act 77 eliminated the Commission's jurisdiction to require them and other commercial mobile-service providers to file gross-earnings reports and pay gross-earnings fees as provided by sections 23-3-109 and 110. We agree and reverse Commission Orders No. 1 and 2.

This docket originated with a motion filed by the staff of the Arkansas Public Service Commission (Staff) to force utilities providing cellular or wireless service to file annual reports with the Commission as required by section 23-3-109 (section 109). Staff's motion explained that some cellular utilities had informed Staff that Act 77 exempts them from the annual gross-earnings report requirement, and Staff therefore was requesting that the Commission determine the question. Less than a month later, the Commission entered Order No. 1, which held that "Act 77 of 1997 does not exempt any telecommunication utility from the specific

statutory requirements of Ark. Code Ann. § 23-3-109 (1995 Supp.)" and that Staff's uncontested motion should be and is hereby granted.

Following the entry of Order No. 1, eight commercial mobile-service providers, referred to collectively in this opinion as Alltel, appeared solely for the purpose of submitting an application for rehearing of Order No. 1. Alltel argued that the Commission's holding in Order No. 1 was erroneous, because the passage of Act 77 eliminated the Commission's jurisdiction to regulate commercial mobile-service providers except with respect to universal services. Alltel further argued that the Commission's limited jurisdiction over commercial mobile-service providers did not justify requiring the section 109 reports. Although Staff had argued in its motion that the section 109 reports were necessary for the Commission to carry out its statutory mandate with regard to the Arkansas Universal Service Fund established by Act 77, Alltel argued that the information included in the section 109 report was in direct conflict with the information required by Act 77 and, therefore, not relevant to the universal-service jurisdiction of the Commission.

Order No. 2 entered by the Commission in June 1997 denied Alltel's request for a rehearing. The Commission held that Alltel was not exempt from section 109, and it also held that it was not exempt from section 23-3-110 (section 110), which requires utilities to pay an annual gross-earnings fee. Alltel filed a timely notice of appeal from Orders No. 1 and 2, and Southwestern Bell Mobile Systems, Inc., and others (Amici) were granted permission by this court to file an amici curiae brief in this proceeding.

Appellants, Alltel and Amici, contend that, as a result of the passage of Act 77 and specifically section 11(g), the Commission no longer has authority to require commercial mobile-service providers to submit an annual gross-earnings statement or pay a fee as required by sections 109 and 110. Sections 109 and 110 are included in the general provisions portion of the Arkansas Code that addresses regulation of utilities, generally. The pertinent language of section 109(a) provides that "[a]nnually. . . each utility subject by law to the payment of fees or charges under the juris-

diction of either the [Commission] or the Arkansas State Highway and Transportation Department shall prepare and transmit to the Commission having jurisdiction over the utility a certified statement of the gross earnings from its properties in Arkansas for the preceding calendar year ending December 31." Section 110(a)(1) provides:

> There is levied and charged and there shall be collected annually from each utility subject by law to the payment of fees or charges under the jurisdiction of either the Arkansas Public Service Commission or the State Highway and Transportation Department a fee in an amount which shall be equivalent to that proportion of the total utilities costs that the gross earnings of each of the utilities bear to the total gross earnings of all utilities.

Act 77 of 1997, the Telecommunications Regulatory Reform Act, became effective by its emergency clause on February 4, 1997. Section 2 of the Act recites the "Legislative Findings":

> It is the intent of the General Assembly in enacting this Act to:
> (1) Provide for a system of regulation of telecommunications services, consistent with the Federal Act, that assists in implementing the national policy of opening the telecommunications market to competition on fair and equal terms, modifies outdated regulation, eliminates unnecessary regulation, and preserves and advances universal service.

Section 11 of the Act is titled "Regulatory Reform," and subsection (g) provides: "The Commission, except as provided in this Act with respect to universal services, shall have no jurisdiction to regulate commercial mobile services or commercial mobile service providers." Appellants argue that the unambiguous language of section 11(g) removes the Commission's jurisdiction to regulate them except as specifically provided for in Act 77 with regard to universal services.

The Commission acknowledges that section 11(g) removes the Commission's jurisdiction to regulate commercial mobile service on issues not related to universal services. Instead, it contends that it can still require the annual assessment under sections 109 and 110 because these assessments are needed to recover its cost of

administering universal services. The Commission maintains that it has numerous regulatory responsibilities over universal services and that the section 110 assessment funds these responsibilities. The Commission concludes that section 11(g) should be read harmoniously with sections 109 and 110 by construing section 11(g) to exempt commercial mobile-service providers from the Commission's nonuniversal-service regulatory jurisdiction but continue to require commercial mobile-service providers to pay section 110's annual assessment to cover the Commission's universal-services costs. Courts presume that the legislature passes laws with full knowledge of existing laws. *See Moncus v. Raines*, 210 Ark. 30, 194 S.W.2d 1 (1946). The Commission further notes that sections 109 and 110 are not expressly repealed by section 11(g) and reminds this court that repeals by implication are not favored. *See Board of Trustees v. Stodola*, 328 Ark. 194, 942 S.W.2d 255 (1997); *Donoho v. Donoho*, 318 Ark. 637, 887 S.W.2d 290 (1994).

▪ Although the legislature did not expressly repeal sections 109 and 110 in Act 77, Act 77 does unambiguously limit the Commission's universal-service jurisdiction to what is provided in Act 77. Repeals by implication do transpire when there exists an invincible repugnancy between the earlier and latter statutory provisions. *See Board of Trustees v. Stodola, supra.* The first rule in considering the meaning of a statute is to construe it just as it reads, giving words their common and usually accepted meaning in common language. *See Bryant v. Arkansas Pub. Serv. Comm'n*, 53 Ark. App. 114, 919 S.W.2d 522 (1996); *see also Arkansas Vinegar Co. v. Ashby*, 294 Ark. 412, 743 S.W.2d 798 (1988). The primary object is to carry out the legislative intent, which is determined primarily from the language of the statute considered in its entirety. *Arkansas Charcoal Co. v. Arkansas Pub. Serv. Comm'n*, 26 Ark. App. 202, 762 S.W.2d 403 (1988), *aff'd in part, rev'd in part*, 299 Ark. 359, 773 S.W.2d 427 (1989). In interpreting a statute and attempting to construe legislative intent, the appellate court looks to the language of a statute, the subject matter, the object to be accomplished, the purpose to be served, the remedy provided, legislative history, and other appropriate means that throw light on the subject. *McCoy v. Walker*, 317 Ark. 86, 876 S.W.2d 252 (1994). Where the language of a statute is plain and unambigu-

ous, the appellate court gives the language its plain and ordinary meaning and determines legislative intent from the language used. *Leathers v. Cotton*, 332 Ark. 49, 961 S.W.2d 32 (1998); *Omega Tube & Conduit Corp. v. Maples*, 312 Ark. 489, 850 S.W.2d 317 (1993).

Section 11(g) limits the Commission's authority to regulate commercial mobile service and commercial mobile-service providers to universal services "*as provided in this Act.*" (Emphasis added.) One of the stated legislative intents of Act 77 is to preserve and promote universal service. Section 4 of Act 77 covers the "Preservation and Promotion of Universal Service" and establishes the Arkansas Universal Service Fund (AUSF) to promote and assure the availability of universal service at rates that are reasonable and affordable. Section 4(b) requires the AUSF to provide a mechanism to restructure the present system of telecommunication service rates in the State, and requires that all telecommunications providers, except as prohibited by federal law, shall be charged for the direct and indirect value inherent in the obtaining and preservation of reasonable and comparable access to telecommunication in the rural or high-cost areas. Subsection (c) delegates to a trustee (Administrator) the administration, collection, and distribution of the AUSF, and section (d) authorizes the Commission "to increase the AUSF charge by those amounts necessary to recover the cost of administration of the AUSF." There is no other language in Act 77 that allows the Commission to charge or assess commercial mobile-service providers a fee other than that contained in section 4(d).

■ ■ Despite the Commission's argument that the fees assessed pursuant to sections 109 and 110 are necessary to pay its costs of administering universal service, section 4(d) of Act 77 specifically addresses recovery of the costs of administering the AUSF. It is a well-recognized principle of statutory construction that a general statute must yield when there is a specific statute involving the particular subject matter. *Board of Trustees v. Stodola, supra; Acme Brick Co. v. Arkansas Pub. Serv. Comm'n*, 227 Ark. 436, 299 S.W.2d 208 (1957). Furthermore, section 11(g) limits the Commission's universal-service jurisdiction to "as provided in [Act 77]." A statute should be construed so that no word is void,

superfluous, or insignificant, and meaning and effect must be given to every word contained therein, if possible. *See Locke v. Cook*, 245 Ark. 787, 434 S.W.2d 598 (1968).

By its clear wording, section 11(g) terminated the Commission's traditional regulatory authority over commercial mobile-service providers except as specifically set forth in Act 77. No reference is made in Act 77 to sections 109 and 110. Accordingly, the Commission no longer has jurisdiction to require commercial mobile-service providers to comply with these sections, and Orders No. 1 and No. 2 are reversed.

Reversed and remanded.

ROBBINS, C.J., and JENNINGS, BIRD, STROUD, and MEADS, JJ., agree.