The Honorable Jake Files State Representative 2208 North 46th Terrace Fort Smith, AR 72904
Dear Representative Files:
You have requested an Attorney General opinion in response to several questions about Act 470 of 2001.
Your questions are:
(1) Are school buses exempt from the Act?
 (2) Can school buses be used to transport children who require child safety seats?
 (3) Does Act 470 in effect prohibit the transportation of preschool children on buses that do not have the capability of anchoring child safety seats?
RESPONSE
Question 1 — Are school buses exempt from the Act?
As an initial matter, I must point out that I interpret your question to refer to "school buses" as that term is commonly understood, and not to other vehicles that are sometimes used to transport students, such as vans. I will use the term in this traditional way. It is my opinion that school buses are not governed by Act 470 of 2001.
Act 470 amended the provisions of A.C.A. § 27-34-104, which is part of the Child Passenger Protection Act. The amended section sets forth certain child passenger requirements.
As amended, A.C.A. § 27-34-104 states:
 (a) Every driver who transports a child under the age of fifteen (15) years in a passenger automobile, van, or pickup truck, other than one operated for hire, which is registered in this or any other state, shall provide, while the motor vehicle is in motion and operated on a public road, street, or highway of this state, for the protection of the child by properly placing, maintaining, and securing the child in a child passenger restraint system meeting applicable federal motor vehicle safety standards in effect on January 1, 1995.
 (b) A child who is less than six (6) years of age and who weighs less than sixty pounds (60 lbs.) shall be restrained in a child passenger safety seat.
 (c) If a child is at least six (6) years of age or at least sixty pounds (60 lbs.) in weight, a safety belt shall be sufficient to meet the requirements of this section.
A.C.A. § 27-34-104, as amended by Acts 2001, No. 470.
It is my opinion that the above-quoted statute does not apply to school buses.[1] I base this conclusion on various factors.
First, the statute refers to "automobile[s]," "van[s]", and "pickup truck[s]." It does not refer to school buses. Because the terms "automobile," "van," and "pickup truck" are not defined in the statute, they must be given their ordinary meanings in common usage. Rolling Pinesv. City of Little Rock, 73 Ark. App. 97, ___ S.W.3d ___ (2001). In common usage, the terms "automobile," "van," and "pickup truck" are not used to refer to school buses. Moreover, even if these terms were interpreted to refer to school buses, it is significant that the statute applies only to such vehicles that are "registered". Under the provisions of A.C.A. §6-19-113, school buses are exempt from the requirement of registration. For these reasons, I believe that it is reasonable to interpret A.C.A. §27-34-104 not to apply to school buses.
This interpretation is bolstered by the fact that school buses are explicitly excepted from the general seat belt laws. The seat belt requirement, imposed by A.C.A. § 27-37-702, applies to drivers and front seat passengers in "motor vehicles." The definition of the term "motor vehicle," for purposes of A.C.A. § 27-37-702, states:
 (1) "Motor vehicle" means any motor vehicle, except school buses,
church buses, and other public conveyances, which is required by federal law or regulation to be equipped with a passenger restraint system[.]
A.C.A. § 27-37-701(1) (emphasis added).
My interpretation is also supported by the fact that the Department of Human Services' rule and regulations for the licensing of child care facilities, which include a requirement that safety seats be used in transporting children under a certain age and weight, see Rule 1201 of the Minimum Licensing Requirements for Child Care Centers, expressly do not apply to the very types of schools that would use school buses to transport children. Id. at Rule 1201(5) (expressly excepting school buses from the safety seat requirement); A.C.A. § 20-78-202 (excluding public schools and kindergartens from the definition of "child care facility"). Other regulations addressing the transportation of children provide for similar exemptions for school buses. For example, the rules and regulations governing the Arkansas Better Chance program require that children under the age of five be transported using age-appropriate restraints (such as safety seats), but these rules expressly except approved school buses from this requirement. See Regulation 16.01,Arkansas Better Chance Program Regulations.
Moreover, the Department of Education's extensive regulations on school bus design and on student transportation do not impose a seat belt or safety seat requirement for students (although bus drivers are required by law to use seat belts. See A.C.A. § 6-19-109).[2]
It is my opinion further that Act 470 of 2001 cannot be argued to have superseded or implicitly repealed any of the laws excepting school buses from seat belt requirements. In order for an implied repeal to be effected, there must be an explicit conflict between the old and the new acts. Board of Trustees v. Stodola, 328 Ark. 194, 942 S.W.2d 255 (1997). There is no explicit conflict between Act 470 and the laws and regulations excepting school buses from seat belt requirements. In addition, the legislature is presumed to have been aware of the existence of all other laws addressing the issue of child transportation that were in effect at the time it enacted Act 470 of 2001. Board Of Trustees v.Stodola, 328 Ark. 194, 942 S.W.2d 255 (1997); Bolden v. Watt,290 Ark. 343, 719 S.W.2d 428 (1986). When several laws address the same subject, they must all be given effect if possible. Id. Moreover, when two statutes address the same subject, one of which is more specific than the other, the more specific must govern. L.H. v. State, 333 Ark. 613,973 S.W.2d 477 (1998). In light of the fact that Act 470 and the various laws, rules, and regulations excepting school buses from seat belt requirements do not explicitly conflict, it is clearly possible to give effect to all such laws. And because the laws, rules, and regulations excepting school buses from seat belt requirements are more specific than Act 470, they must be deemed to govern school buses.
On the basis of all of the foregoing principles of law, I must conclude that Act 470 of 2001 does not govern school buses.
Question 2 — Can school buses be used to transport children who requirechild safety seats?
It is my opinion, as explained more fully in response to Question 1, that school buses (as that term is commonly understood) are generally exempt from the requirement of using safety seats in transporting children. However, as also noted in response to Question 1, my conclusion regarding this matter applies only to "school buses" as that term is traditionally understood, and not to other vehicles that are sometimes used to transport students, such as vans.
I must note that the general exemptions that are available for school buses from safety requirements in transporting children, such as the use of seat belts and safety seats, would seem to be at odds with the purpose and intent of the Child Passenger Protection Act, which Act 470 of 2001 amended, even if these exemptions are not in conflict with the letter of the Act. As you note, school buses are frequently used — particularly in rural areas — for the transportation of four- and five-year olds. This is a matter that can only be addressed and remedied by the General Assembly.
Question 3 — Does Act 470 in effect prohibit the transportation ofpreschool children on buses that do not have the capability of anchoringchild safety seats?
No. See response to Questions 1 and 2.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
[1] It should be noted that various federal laws could impact this general conclusion. For example, schools that transport students as a part of a Head Start program may be subject to certain federal regulations that require child restraint systems. See 45 CFR Part 1311. In addition, it should be noted that the Arkansas Department of Higher Education recommends that school systems comply with the National Highway Traffic Safety Administration's Guideline for the Safe Transportation of Pre-school Age Children in School Buses. This guideline is available on the National Highway Traffic Safety Administration's web page: nhtsa.dot.gov. With regard to particular situations in which other federal laws may come into play, the U.S. Attorney's office should be consulted.
[2] The Regulations Governing School Bus Design do include provisions addressing the required design of buses that will be used to transport students with special needs, such as handicapped students. See Regulation 79.00 (General Requirements For Specially Equipped School Buses), Department of Education's Specifications Governing School Bus Design).