The Honorable Stephen D. Bright State Representative 127 Southshore Drive Maumelle, Arkansas 72113-5810
Dear Representative Bright:
I am writing in response to your request for an opinion on several questions concerning Act 1768 of 2003, which amended A.C.A. §6-17-1001(a), regarding minimum teacher salaries. Specifically, Act 1768 added a new subsection (a)(2) to provide as follows:
 Beginning with the 2003-2004 school year, the teacher's experience for purposes of salary and benefits shall be his or her total years in any school district in the state, and shall not be based on only the years in the district in which he or she is currently employed.
You pose three questions regarding this language:
 1. Does paragraph (a)(2) (added by Act 1768 of 2003) in Ark. Code Ann. 6-17-1001 apply only to new teachers hired by a school district or does it apply to existing teachers also?
 For example, if a teacher has been employed by school district # 1 for the last 5 years and is being paid for 5 years of experience on district #1's salary schedule, but also has 5 years of prior experience with school district # 2 (for which she was not given credit when first employed by district #1) must district #1, beginning with the 2003/2004 school year, pay the teacher for 10 years of past experience?
 2. Does Act 1768 of 2003 repeal Ark. Code Ann. 6-17-204(c)(1)(A) and (B)?
 3. Is a teacher entitled to credit for the past experience under Act 1768 of 2003 (6-17-1001(a)(2)) in the following situation:
 A teacher is employed by a school district on an hourly basis but is required to hold a teaching certificate by the district to hold the position. The teacher's title is "Cite Director" and during the school year she tutors individual students for 5 hours a day and for the other three hours she serves as an aide to the superintendent. Over the summer she spends all her time tutoring.
RESPONSE
In my opinion, in response to your first question, Act 1768 applies to all teachers employed in a school district, not just to new teachers hired by the district. The answer to your second question is "yes," in my opinion. I cannot definitively answer your third question, which would involve determining issues of fact. Separate language contained in Act 1768 may control the question, depending upon the facts. In addition, the resolution of individual teacher salary issues is not the proper subject of an Attorney General's opinion. Counsel for the affected district, in consultation with any appropriate officials at the Department of Education, should resolve this issue.
Question 1 — Does paragraph (a)(2) (added by Act 1768 of 2003) in Ark.Code Ann. 6-17-1001 apply only to new teachers hired by a school districtor does it apply to existing teachers also?
For example, if a teacher has been employed by school district # 1 forthe last 5 years and is being paid for 5 years of experience on district#1's salary schedule, but also has 5 years of prior experience withschool district #2 (for which she was not given credit when firstemployed by district #1) must district #1, beginning with the 2003/2004school year, pay the teacher for 10 years of past experience?
In my opinion Act 1768 applies to all existing teachers and not just to those newly hired by a school district.
Act 1768 divided subsection (a) of A.C.A. § 6-17-1001 into two subsections, (a)(1) and (a)(2). Subsection (a)(2), quoted earlier in this opinion, is new language added by Act 1768. In construing the new language added as subsection (a)(2), it is helpful to recite the language of former subsection (a), which was unchanged by Act 1768 and is now subsection (a)(1) of the statute. That subsection states:
 The board of directors in each school district in the state shall pay their teachers upon a salary schedule which has annual increments for education and experience and which provides for a base salary, a minimum salary for a teacher with a master's degree, and at least fifteen (15) years of experience as described in this section.
Act 1768 then adds the language requiring "the teacher's experience . . . [to] be his or her total years in any school district in the state. . . ." In my opinion, when read together, these subsections indicate that Act 1768 was intended to apply to all existing teachers in a given school district. There is nothing in Act 1768 to restrict its applicability to newly hired teachers.[1]
As a consequence, in the example you describe, the answer is "yes," district #1 must, beginning with the 2003-2004 school year, pay the teacher for 10 years of past experience.
Question 2 — Does Act 1768 of 2003 repeal Ark. Code Ann.6-17-204(c)(1)(A) and (B)?
It is my opinion that the answer to this question is "yes."
Section 6-17-204(c)(1)(A) and (B) provide as follows:
 (c)(1)(A) A district may adopt a uniform policy, in accordance with this subchapter, limiting the number of past years' experience for which all newly employed certified personnel will receive credit on the salary schedule.
 (B) The policy shall be written so that a prospective certified employee can determine his or her placement on the salary schedule.
This language was added by Act 1260 of 1995. See "Amendments" and "History" to A.C.A. § 6-17-204.
Although Act 1768 of 2003 does not expressly repeal subsections (c)(1)(A) and (B) of A.C.A. § 6-17-204, in my opinion there is a plain inconsistency between these two acts and as a consequence, Act 1768 works an implied repeal of A.C.A. § 6-17-204(c)(1)(A) and (B).
Cases are legion in Arkansas for the proposition that repeals by implication are not favored and are never allowed except where there is such invincible repugnancy between the former and latter provisions that both cannot stand together. Donoho v. Donoho, 318 Ark. 637,887 S.W.2d 290 (1994). Repeals by implication do transpire when there exists an invincible repugnancy between the earlier and latter statutory provisions. Alltel Mobile Communications v. Arkansas Public ServiceCommission, 63 Ark. App. 197, 201, 975 S.W.2d 884 (1998), citing Board ofTrustees v. Stodola, 328 Ark. 194, 942 S.W.2d 255 (1997).
In my opinion such invincible repugnancy is present with regard to A.C.A. § 6-17-1001 (a)(2) and A.C.A. § 6-17-204(c)(1)(A) and (B). Act 1768 requires a teacher's salary to be based on total years of experience in any school district in the state. This requirement is patently inconsistent with the authorization found in §6-17-204(c)(1)(A) and (B) for school districts to limit past years of experience.
Question 3 — Is a teacher entitled to credit for the past experienceunder Act 1768 of 2003 (6-17-1001(a)(2)) in the following situation:
A teacher is employed by a school district on an hourly basis but isrequired to hold a teaching certificate by the district to hold theposition. The teacher's title is "Cite Director" and during the schoolyear she tutors individual students for 5 hours a day and for the otherthree hours she serves as an aide to the superintendent. Over the summershe spends all her time tutoring.
I cannot definitively answer this question, which may involve determining issues of fact. I am not empowered as a factfinder in the issuance of official Attorney General Opinions. I can refer you to the applicable statute, which is again, A.C.A. § 6-17-1001. Subsection (n) of this statute defines "teacher" for purposes of the minimum salary requirements contained in the statute. Act 1768 of 2003 also amended this subsection of the statute to add the emphasized language below:
 (n) (1) The term "teacher", as used in this section, shall include any full-time employee of a local public school district who is compelled by law to secure a license from the State Board of Education as a condition precedent to employment in a position in or related to grades prekindergarten through twelve (preK-12) of the public schools of this state; and
 (2) Who is engaged directly in instruction with students in a classroom setting for more than seventy percent (70%) of the individual's contracted time;
 (3) A guidance counselor; or
 (4) A librarian.
Act 1768, § 1 (Emphasis added).
Factual questions may arise as to whether the particular circumstances surrounding the employment of this individual fall within the language of this definition or within the seventy percent requirement. I cannot resolve such factual issues in the context of an official Attorney General's opinion. Local counsel for the affected district, in consultation with any appropriate officials at the Department of Education must address this issue.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
[1] The title of Act 1768 does not alter this result. That title provides as follows: "AN ACT TO AMEND THE TEACHER SALARY SCHEDULE; TO ALLOW TO REQUIRE [SIC] DISTRICTS TO CREDIT TEACHER'S [SIC] FOR ALL TEACHING EXPERIENCE; AND FOR OTHER PURPOSES." The title is no part of an act, but it may be used to construe the language thereof where an ambiguity exists. Quinney v. Pittman, 320 Ark. 177, 895 S.W.2d 538
(1995). Unless the language of the act is ambiguous, however, the title is not resorted to for the purpose of construction, and the title of an act cannot overcome the meaning of plain and unambiguous words used in its body. Weir v. U.S., 339 F.2d 82 (8th Cir. 1964). In my opinion the language of Act 1768 amending subsection (a) of A.C.A. § 6-17-1001 is not ambiguous.