Henry H. Boyce, Prosecuting Attorney Third Judicial District 208 Main Street, Suite 31 Newport, AR 72112
Dear Mr. Boyce:
I am writing in response to your request for my opinion regarding a proposed use of revenues contained in the Prosecuting Attorney's Drug Control Fund. You have attached to your request correspondence to you from Court Appointed Special Advocates for Children of the Third Judicial District ("CASA"), which contains the following solicitation:
 Grants and private donations fund CASA. We are searching for funds for new duffel bags that will hold supplies for these children. Our district is composed of Sharp, Jackson, Lawrence, and Randolph Counties. We are asking for 500 bags, which will provide 125 bags per county. We have a quote from Pruitt Promotions for $2900.00 for 500 collapsible barrel bags that would have CASA and donors imprint on them.
Against this backdrop, you have posed a question I will paraphrase as follows:
 In pursuit of "prosecutorial purposes" as that term is used in A.C.A. § 5-64-505(i)(2)(A), may a prosecutor donate revenues contained in a drug control fund to buy supplies for Court Appointed Advocates for Children ("CASA")?
RESPONSE
In my opinion, the answer to this question is "no."
Subsection 5-64-505(i) of the Arkansas Code (Supp. 2003 Acts 2005, No. 1994, § 310), which addresses the disposition of property seized by the authorities, provides in pertinent part:
(2) Drug Control Fund.
 (A) There is created on the books of law enforcement agencies and prosecuting attorneys a Drug Control Fund. The Drug Control Fund shall consist of all moneys obtained under subdivision (i)(1)[1] of this section and other revenues as may be provided by law or ordinance. Moneys from the fund may not supplant other local, state, or federal funds. Moneys in this fund are appropriated on a continuing basis and are not subject to the Revenue Stabilization Law, § 19-5-101 et seq. Moneys in this fund must only be used for law enforcement and prosecutorial purposes. The fund is subject to audit by the Division of Legislative Audit.
 (B) The law enforcement agencies and prosecuting attorneys shall submit to the Arkansas Drug Director on or before January 1 and July 1 of each year a report detailing all moneys received and expenditures made from the Drug Control Fund during the preceding six-month period.
(Emphasis added.)
At issue in your request is whether the highlighted term "prosecutorial purposes" in the quoted passage might be interpreted to include donating funds to CASA, which is an organization of qualified volunteers that monitors and counsels children under court supervision for various reasons.[2] In my opinion, this question must be answered in the negative. In Board of Trustees v. Stodola, 328 Ark. 194, 201,924 S.W.2d 255 (1997), the Arkansas Supreme Court interpreted the passage highlighted above to mean that money in a drug control fund "must be used for law enforcement and prosecutorial purposes in connection with curbingdrug trafficking" (emphasis added). I believe the highlighted qualification in the court's interpretation is fully consistent with the legislative intent expressed in A.C.A. § 5-64-505(i)(2), which by its very terms establishes a "Drug Control Fund," not a fund to finance different undertakings, no matter how salutary. I appreciate both the nobility of the work CASA volunteers perform and the pressing need to finance their efforts. However, the role of court-appointed special advocates is "to advocate for the best interests of juveniles in dependency-neglect proceedings," A.C.A. § 9-27-316(g)(1), not to curb drug trafficking. Moreover, the use to which CASA proposes putting any donation you might provide has absolutely nothing to do with curbing drug trafficking. Accordingly, I believe it would be inappropriate to fund CASA's proposed project using revenues contained in your drug control fund.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB: JD/cyh
[1] The referenced subdivision (i)(1) provides for the establishment of an Asset Forfeiture Fund to be distributed to various recipients, including the Drug Control Funds of the various law enforcement agencies and prosecuting attorneys.
[2] The precise role of CASA volunteers in monitoring juveniles and reporting to the courts is set forth at A.C.A. § 9-27-316(g) (Supp. 2003). The correspondence attached to your request reflects that CASA is "[a] program of the Arkansas Sheriffs' Youth Ranches, Inc.," which my inquiries reveal is a private nonprofit corporation, and a member of the National Court Appointed Special Advocate Association.